**Ex parte Marvin M. ADELL, Relator.**

**No. C-7945.**

Supreme Court of Texas.

May 17, 1989.

Dean Carlton, Dallas, for relator.

Raymond E. LaDriere, II, Henry J. Voegtle, III, G. Dennis Sullivan, Dallas, for respondent.

PER CURIAM.

In this original habeas corpus proceeding relator Marvin M. Adell argues he was denied due process because he was not given proper notice of the contempt charge for which he was incarcerated. The record was incomplete without fault of Adell when he filed his petition, and we ordered Adell released on bond pending the filing of the complete record and a reply. After review of the record and consideration of the reply, we agree the notice was insufficient and order relator discharged.

Adell was a defendant in a suit involving a close corporation in which he was an officer and shareholder. The trial court signed an order directing Adell to refrain from "withdrawing, paying or receiving any funds from the accounts of Adell Corporation and from obtaining any loans or other payments, in whatever form, from Adell Corporation, except for payments to third-party creditors in the ordinary course of business and to defendants of their salaries at the rate of salary in effect on July 13, 1988, the day plaintiff's application for a temporary restraining order was filed." Subsequently, the plaintiff filed a motion for contempt which referred to the quoted portion of the order and alleged as the violation of the order:

However, in an intentional and wilful disregard of this Court's Order, Marvin Adell caused the corporation to make payment for Marvin and Franklin Adell's personal charges.

There was no other specification or delineation of the alleged act or acts of contempt. The show cause order served on Adell contained the same specification.

It is possible that a court order prohibiting a specific act could be more specific than the present one, and the statement that the alleged contemnor intentionally and willfully committed the act would be sufficient notice. In the present case, the order directed Adell not to commit a gener-

al class of acts, and included exceptions and qualifications. The act of contempt alleged in the motion for contempt and show cause order is ambiguous in at least three ways: (1) it fails to allege how Adell "caused the corporation to make payment"; (2) it fails to state what "personal charges" of Marvin and Franklin Adell were paid by the corporation; and (3) it fails to state why the payments of the personal charges, if indeed they were made, did not fall within one of the exceptions for personal payments allowed by the order.

This court has repeatedly held that full and unambiguous notice of the accusation of contempt must be served on the alleged contemnor. *Ex parte Blanchard,* 736 S.W. 2d 642, 643 (Tex.1987); *Ex parte Gordon,* 584 S.W.2d 686, 690 (Tex.1979); *Ex parte Edgerly,* 441 S.W.2d 514, 516 (Tex.1969); *see also Ex parte Vetterick,* 744 S.W.2d 598 (Tex.1988). The motion and show cause order here clearly fail to meet that standard. Pursuant to Rule 122, Tex.R. App.P., a majority of the court find the trial court actions finding relator in contempt and committing him to jail are contrary to this court's opinions in *Blanchard, Gordon,* and *Edgerly,* and without hearing argument order relator discharged.