# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00137-CV

**In re Carl Ross**

## ORIGINAL PROCEEDING FROM BURNET COUNTY

## O P I N I O N

In this post-divorce habeas corpus proceeding, relator Carl Ross challenges the district court=s order that, among other things, ruled Ross committed criminal and civil contempt and ordered that he serve time in the county jail. Ross was released from jail after he posted a cash bond of $5000.[1] We will grant the petition, modify the portion of the district court=s order related to contempt, deny other relief requested, and affirm the order as modified.

**Background**

---

[1] Even though Ross is not presently in jail, the restraints on his liberty are sufficient for habeas corpus review. *See Ex parte Williams*, 690 S.W.2d 243, 243 (Tex. 1985).

Ross and the real party in interest Shanney Velwood were divorced in August 2002.[2] In December 2002, Velwood commenced child support enforcement proceedings alleging that Ross was in arrears on child support payments. Velwood requested that Ross be found in contempt and confined in jail until he became current on his child support payments. Ross was ordered to appear and show cause for his child support delinquency. At the hearing on the motion to enforce, the parties and the court discussed this delinquency issue as well as other issues related to the parties= divorce decree. The court made several rulings from the bench, and after the hearing, the district court signed a commitment order, which provided:

> Respondent Carl Ross is hereby committed to the Burnet County jail on two counts of punitive contempt for 30 days each as rendered in open court this date. Bond is hereby set at $5,000 cash bond. A further and formal order will issue with the particular findings and rulings of the Court.

Almost one month later, the district court signed an order entitled, AOrder Confirming Arrearages, Nunc Pro Tunc, Clarification of Prior Order, Holding Respondent in Contempt and for Commitment to County Jail.@ In the order, the court ruled that Ross committed contempt in six separate instances. The court determined that Ross had not complied timely with the divorce decree because he failed to (1) transfer and deliver documents related to real property at 1503 Bluebonnet Drive, in Marble Falls; (2) transfer and deliver documents related to real property located on FM 1980; (3) deliver a 2002 Ford truck to Velwood; (4) deliver a stock transfer certificate; (5) pay child support in the amount of $375

---

[2] Shanney Velwood was formerly known as Shanney Ross. Also pending in this Court is Carl Ross=s appeal from the parties= divorce decree, *Ross v. Ross*, cause number 03-02-00771-CV.

semi-monthly on several specific dates; and (6) provide medical insurance for the children. The court also confirmed that Athe amount of unconfirmed child support arrearage accrued by Ross for the support of his children since the signing of the divorce decree was $3375.@ The court found that the child support arrearage confirmed in the divorce decree of $7500 after deducting payments made since the signing of the divorce decree was now $3750. Further, the court found that, as of the date of the hearing, Ross had the ability to comply with the divorce decree.

The district court adjudged Ross in criminal contempt, finding that he had violated the parties= divorce decree on four separate instances by failing to transfer documents to both pieces of property, deliver the truck, and deliver the stock transfer certificate. The court assessed jail sentences for each of these four violations with the punishments to run consecutively. The order gave Ross twenty days from the date of the order to comply with the divorce decree or report to county jail.

In addition to the four instances of criminal contempt, the court also found Ross in civil contempt. The court ordered that Ross be confined to county jail until he complied with the following orders: that within twenty days, Ross must Aexecute and deliver or cause to be executed and delivered to Shanney Velwood the documents transferring good title to the land on FM 1980 in accordance with the decree.@ Additionally, the court ordered Ross to pay to Velwood Athrough [the county child support office] one half of the child support arrearage in the amount of $3375 with the remaining balance due and payable at the rate of $100 per month, each month thereafter, and remain current on all child support payments thereafter.@ Finally, the court ordered Ross to provide health insurance coverage for his children as ordered in the divorce decree. The court also held that Athe civil contempt may be purged by complying with all of

the conditions previously breached; and [Ross] may be released on such civil contempt confinement upon the posting of a cash bond in the amount of $5000.@ Ross posted the $5000 cash bond and seeks issuance of a writ of habeas corpus.

## Discussion

Ross complains (1) he was denied due process because he was not properly noticed about several of the contempt rulings; (2) the entire contempt portion of the order is void because the motion to enforce and the resulting contempt rulings referred to violations of a divorce decree signed July 11, 2002, when actually the divorce decree was signed on August 20, 2002; and (3) the commitment order was improper.

This Court will issue a writ of habeas corpus if the contempt order is void because it deprives the relator of liberty without due process of law or because it was beyond the power of the court to issue. *In re Patillo*, 32 S.W.3d 907, 909 (Tex. App.CCorpus Christi 2000, no pet.) (citing *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996)). Due process requires that a court, before imprisoning a person for violating an earlier order, sign both a written judgment or order of contempt and a written commitment order. *See Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997). The contempt order must clearly state in what respect the court=s earlier order has been violated and must clearly specify the punishment imposed by the court. *Id.* A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992). The form of a commitment order is not important, but the substance is. *Id.*

*Notice*

We first address Ross=s complaint that he was not given proper notice of the four criminal contempt citations that related to property the divorce decree ordered that he turn over and the two civil contempt rulings that related to his failure to turn over documents regarding real property and to provide medical insurance for the children. Ross contends that none of these violations were alleged in Velwood=s motion nor were they noticed in the order that he appear and show cause. Ross contends the only violation of the decree of which he received notice was delinquent child support.

Contempt proceedings are quasi-criminal in nature, and the contemner is entitled to procedural due process throughout the proceedings. *See Ex parte Brister*, 801 S.W.2d 833, 835 (Tex. 1990) (Cook, J., concurring) (citing *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983)). Among those procedural due process rights is the right to reasonable notice of each alleged contemptuous act. The due process requirement is one of Afull and complete notification@ of the conduct with which the contemner is charged and the contemner must be given a reasonable opportunity to meet the charges by defense or explanation. *Id.* (citing *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979)); *Ex parte Adell*, 769 S.W.2d 521, 522 (Tex. 1989). A contempt order rendered without such adequate notification is void. *Adell*, 769 S.W.2d at 522.

Velwood agrees with Ross that the motion for enforcement and order to appear and show cause failed to provide him with notice of every contemptuous act found by the district court. Velwood concedes that the notice provided to Ross only addressed Ross=s child support delinquency. Velwood asks this Court to reform or modify portions of the district court=s order that relate to contempt and commitment,

**5**

to strike the portions of the order finding Ross in contempt for any act other than his child support delinquency, and to affirm the ruling that Ross was in contempt for failure to pay child support.

Therefore, we sustain Ross=s contention that he was given inadequate notice of several acts for which he was found in contempt. We hold that the portions of the contempt order that relate to conduct other than Ross=s failure to pay child support are void. We find no infirmity in the portion of the order ruling that Ross shall be confined in the county jail until he has paid to Velwood one-half of the confirmed child support arrearage in the amount of $3375.

The void portions of the order relating to contempt do not make the entire order void because the district court listed the contempt sentences separately. The void portions are capable of being severed from the valid portions of the order. *See Patillo*, 32 S.W.3d at 909; *Ex parte Ramon*, 821 S.W.2d 711, 715 (Tex. App.CSan Antonio 1991, no writ); *Ex parte Conoly*, 732 S.W.2d 695, 699 (Tex. App.CDallas 1987, no writ). Accordingly, we modify the district court=s order, strike the void portions of the order, and hold that the remaining portion of the order that relates to Ross=s contempt for child support delinquency is valid and enforceable.

### *Signing date of divorce decree*

We also address Ross=s contention that the district court erred in finding him Aguilty of separate violations of an order signed on July 11, 2002 when the order in this case was not signed until August 20, 2002.@ Ross relies upon *Ex parte Gordon*, in which the court ordered the relator discharged after concluding that an ambiguity existed due to a mistake in a show cause order that referred to a previous temporary restraining order instead of a previous temporary injunction. 584 S.W.2d at 689. The *Gordon*

court held Athat in situations of contempt committed outside the presence of the court, the contempt judgment must be based on a valid show cause order or equivalent legal process that contains full and unambiguous notification of the accusation of contempt.@ *Id.* at 690.

In this instance, the error regarding the date of the signing of the divorce decree did not cause an ambiguity. Unlike the factual situation in *Gordon* where there had been both a temporary restraining order and a temporary injunction, here, there was only one divorce decree. The referral to the mistaken date on which the divorce decree was signed did not cause or otherwise affect the allegations regarding Ross=s failure to pay child support under the decree. This contention is overruled.

### *Commitment order*

Finally, we address Ross=s contention that he should be discharged because the district court failed to sign a proper commitment order that contained the elements of the contempt judgment. To satisfy due process requirements, it is necessary that there be both a written judgment of contempt and a written commitment order. *See Shaklee*, 939 S.W.2d at 145. There is no particular form prescribed by law for a commitment order, and it may be included in the contempt judgment. *See Ex parte Hogan*, 916 S.W.2d 82, 87 (Tex. App.CHouston [1st Dist.] 1996, no writ) (citing *Hernandez*, 827 S.W.2d at 858). The commitment order must tell the contemner in Aclear, specific and unambiguous words@ how to gain release from contempt. *See Ex parte Price*, 741 S.W.2d 366, 367 (Tex. 1987).

We have determined that the two counts of criminal contempt referred to in the commitment order signed by the district court on January 22 are void and are unenforceable, as are all other contempt rulings save the court=s ruling that Ross was in civil contempt for failing to pay child support. The district

**7**

court=s order signed February 20 states, AIt is ordered that [Ross] shall be confined in the county jail of Burnet County, Texas, until [he] has complied with the following orders.@  Further the court=s order provides, AThe civil contempt may be purged by complying with all of the conditions previously breached; and [Ross] may be released on such civil contempt confinement upon the posting of a cash bond in the amount of $5,000.00.@

As a result of this Court=s modification of the contempt order, the only condition to release remaining is that Ross pay $3375 of his delinquent child support.  We hold that the court=s order contains a commitment order that details to the contemner in clear, specific and unambiguous language how to gain release from the remaining civil contempt ruling.  We overrule Ross=s contention that there is an improper commitment order.

**Conclusion**

We conclude that the district court=s contempt rulings are void, except for the court=s ruling that Ross was in contempt for failure to pay child support.  Accordingly, we grant the petition, modify the district court=s order of February 20, 2003, strike all contempt rulings except the contempt ruling related to Ross=s child support delinquency, deny other relief requested, and affirm the order as modified.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

8

Filed:   April 17, 2003