TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00365-CV





In re Daniel J. Rowe






HABEAS CORPUS PROCEEDING FROM CALDWELL COUNTY






O P I N I O N



 In this original proceeding, relator Daniel J. Rowe seeks a writ of habeas corpus,
arguing he is illegally restrained of his liberty by virtue of an order holding Rowe in contempt and
for commitment issued by the district court. We grant Rowe's writ of habeas corpus.


BACKGROUND

 The facts precipitating Rowe's commitment are undisputed. Rowe and his wife at
the time, Tina Marie Fitzpatrick, had a son born in June 1992. J.E.R. was diagnosed with autism and
had other special needs. Rowe and Fitzpatrick divorced in April 1994, in Caldwell County. The
divorce decree did not name either party as a conservator, but it included a possession schedule for
Rowe, which was later modified to standard visitation. Rowe was also ordered to pay as child
support $300 every month for one year beginning on April 1, 1994. Thereafter, he was to pay $200
per month. He was also ordered to provide health insurance for J.E.R. 

 Sometime after the divorce, Fitzpatrick moved to Kansas with J.E.R. Although Rowe
remained in the Central Texas area, he moved around frequently. Between the years 1996 and 2002,
Rowe had lived in Maxwell, Round Rock, Austin, Bastrop, and McCamey. He did not consistently
inform Fitzpatrick of these address changes as required by the divorce decree, and in fact, testimony
from the hearing that resulted in Rowe's confinement revealed that the last address he reported was
where he lived in 1997. The testimony from the hearing also indicated that Rowe visited J.E.R.
sporadically, most recently in the summer of 2002 and Christmas 2001. 

 In February 2003, Fitzpatrick died unexpectedly. Following her death, the maternal
grandparents, Sandra Sue and David L. Fitzpatrick, took possession of J.E.R.. They, too, reside in
the Central Texas area. On March 5, the grandparents filed a "Petition in Intervention of
Grandparent in Suit Affecting Parent-Child Relationship," by which they sought to be named
managing conservators of J.E.R. The grandparents' petition was set for a hearing on March 18. 
Rowe claims he was never served with the grandparents' petition. He nevertheless appeared at the
hearing on March 18 to contest the grandparents' petition. 

 Sandra Sue Fitzpatrick testified at the hearing. Then Rowe took the stand. During
his testimony, Rowe admitted that he had not paid child support since March 1999 and had not
provided health insurance for J.E.R. nor paid any of his medical bills. Rowe also admitted that since
the divorce, he had changed residences a number of times without notifying his ex-wife of his
address changes, as required by the divorce decree. Shortly after hearing this testimony, the district
court stopped the hearing and sua sponte ordered Rowe be held in contempt for failure to pay child
support for the month of February 2003 and for failure to inform Rowe's deceased ex-wife of a
specific change of address within seven days of changing residences. The court ordered Rowe
confined to jail for 180 days unless he purged himself of contempt by paying $10,000 for back child
support and past medical expenses to the grandparents, who were named as temporary managing
conservators of the child. 

 By his petition for writ of habeas corpus, Rowe maintains that he is being illegally
restrained because he was not provided notice of the charges and an opportunity to defend himself.


DISCUSSION

 An original habeas corpus proceeding is a collateral attack on a contempt judgment. 
Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967). The purpose of a writ of habeas corpus is not
to determine the guilt of the contemnor, but only to determine whether he was afforded due process
of law or if the order of contempt is void. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). An
order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty
without due process of law. Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996); Ex parte Barnett,
600 S.W.2d 252, 254 (Tex. 1980).

 Contempt proceedings are quasi-criminal in nature, and the contemnor is entitled to
procedural due process throughout the proceedings. Ex parte Brister, 801 S.W.2d 833, 835 (Tex.
1990) (Cook, J., concurring) (citing Ex parte Johnson, 654 S.W.2d 415, 420 (Tex. 1983)). Among
those procedural due process rights is the right to reasonable notice of each alleged contemptuous
act. Id. The due process requirement is one of "full and complete notification" of the conduct with
which the contemnor is charged; the contemnor must be given a reasonable opportunity to meet the
charges by defense or explanation. Id. (citing Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979));
Ex parte Adell, 769 S.W.2d 521, 522 (Tex. 1989). A contempt order rendered without such adequate
notification is void. Adell, 769 S.W.2d at 522. 

 It is undisputed that Rowe was not provided any notification of the charges against
him. The purpose of the hearing that resulted in Rowe's confinement was to consider the
grandparents' petition in intervention; there were no pleadings on file seeking enforcement of a prior
child support order and no motion for contempt. Thus, he could not have had adequate notification.

 The trial court asserted during the hearing that it was exercising its inherent authority
to sua sponte punish Rowe; the grandparents raise this argument in their opposition to the writ. 
Inherent power to punish without prior notice and a meaningful hearing, however, exists only with
respect to direct contempt; that is, in response to an action that occurs in the court's presence. In re
Acceptance Ins. Co., 33 S.W.3d 443, 449 (Tex. App.--Fort Worth 2000, orig. proceeding). In this
case, Rowe was accused of constructive contempt because his alleged violation occurred outside the
court's presence. Id. Cases involving constructive contempt are afforded more procedural
protections than those involving direct contempt. Id. "Notice of the charges and an opportunity to
defend against them are an alleged contemnor's most fundamental due process right." Id. "A
constructive contemnor must be given complete notification and a reasonable opportunity to meet
the charges by way of defense or explanation." Ex parte Barlow, 899 S.W.2d 791, 795 (Tex.
App.--Houston [14th Dist.] 1995, orig. proceeding). Although a court has all powers necessary for
the exercise of its jurisdiction and the enforcement of its lawful orders, see Tex. Gov't Code Ann.
§ 21.001(a) (West Supp. 2003), that power does not include the power to violate a party's due
process rights. Acceptance Ins. Co., 33 S.W.3d at 450.

 The trial court and the grandparents also assert that by not objecting to the evidence
of contempt, Rowe consented to the trial of the contempt issues. It is clear from the record that when
Rowe testified about his failure to pay child support, provide health insurance, and his failure to
provide notice of his change of address, he was answering questions relevant to the grandparents'
petition in intervention. He could not have known at that time that the trial court had in mind
holding him in contempt. Once the trial court's objective became clear, however, Rowe's counsel
indeed objected to the trial court's sua sponte actions, arguing that his client had not received notice
of the contempt allegations. Even if Rowe's counsel had not objected, however, we hold that
because Rowe was not provided notice of the contempt allegations, the order of contempt would be
void. His failure to object or protest cannot be taken as a waiver of his rights or as consent to trial. 
See Barlow, 899 S.W.2d at796 (holding contemnor does not have to object to preserve his complaint
for review in original proceeding).


CONCLUSION

 We conclude that the district court's contempt ruling is void. Accordingly, we grant
the petition for writ of habeas corpus. It is ordered that Rowe be immediately discharged from
custody. 



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Petition for Writ of Habeas Corpus Granted

Filed: July 23, 2003

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00365-CV






In re Daniel J. Rowe






HABEAS CORPUS PROCEEDING FROM CALDWELL COUNTY




 

WRIT OF HABEAS CORPUS



THE STATE OF TEXAS, COUNTY OF CALDWELL

TO: DANIEL LAW, SHERIFF, CALDWELL COUNTY, TEXAS

 Having considered the petition for writ of habeas corpus and the record filed with this
Court on June 27, 2003, this Court concludes that Relator is illegally restrained pursuant to an order
holding Relator in contempt and committing him to county jail, which was rendered by the 22nd
District Court of Caldwell County, Texas, on March 18, 2003, in cause number 93-D-158, styled In
the Interest of J.E.R., A Child, on the docket of said court. IT IS THEREFORE ordered that Relator,
Daniel J. Rowe, be and hereby is discharged from the custody of the Sheriff of Caldwell County,
Texas, and is released from the effects of the order holding Relator in contempt and committing him
to county jail, in accordance with the opinion of this Court.

 ISSUED under my hand and seal July 23, 2003.


 __________________________________________

 Diane O'Neal, Clerk