**In re Andrew BOYO.**

No. 09–04–215 CV.

Court of Appeals of Texas, Beaumont.

Submitted on May 24, 2004.

Decided Aug. 12, 2004.

Shawn Casey, Olu McGuinnis Otubusin, McGuinnis & Associates, Houston, for appellant.

E.M. Schulze, Jr., Schulze & McDonald, LLP, The Woodlands, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Relator, Andrew Boyo, challenges the trial court's order of May 4, 2004, finding

him in contempt and committing him to jail until he pays a child support arrearage of $13,457.50.[1] On May 10, 2004, we issued an order setting bond at $20,000. No record of the trial court's evidentiary hearing has been filed, and this controversy is submitted upon a record consisting of temporary orders in the parties' ongoing divorce suit, the motion for enforcement, and the contempt judgment. Boyo claims that the underlying order is void because it included a command to pay mortgage payments on three antecedent dates. Because we find the order in question clearly orders Boyo to cure the existing defaults by a date certain that is subsequent to the date of the order, we deny the writ and order him returned to the custody of the Montgomery County Sheriff.

"Agreed Temporary Orders" entered by the trial court on November 26, 2002, contained provisions for child and spousal support, one part of which ordered Boyo to "pay the mortgage payments directly to" the financial institutions that hold the parties' first and second mortgages. On December 18, 2003, the trial court entered its "Second Temporary Order," which is the order eventually enforced through contempt. That order included the following:

IT IS FURTHER ORDERED that ANDREW BOYO shall timely pay as additional temporary child support the monthly mortgage payments payable to Altegra Credit at P.O. Box 856156, Louisville, KY 40285–66156 in the amount of $1907.47 per month and the second mortgage payments to Citi Financial Mortgage Co. at 1111 Northpoint Drive, Coppell, Texas 75019 in the amount of $747.50 per month, on the property located at 115 E. Shadow Point Circle, The Woodlands, Texas, beginning December 1, 2003, and continuing on the first day of each month thereafter until further order of the Court. *IT IS FURTHER ORDERED that on or before January 1, 2004, ANDREW BOYO shall bring current any delinquent mortgage payments that are currently due and owing to Altegra Credit and Citi Financial Mortgage Co.* [emphasis added].

IT IS FURTHER ORDERED that all other terms of the *AGREED TEMPORARY ORDER* entered on November 26, 2002 that are not specifically modified in this order shall remain in full force and effect.

On February 23, 2004, Margaret Boyo filed a motion to enforce the "Second Temporary Order." Her motion alleged that mortgage installments for November 2003 through February 2004 had not been paid, and that the combined mortgage payments, with late fees and penalties, totaled $13,457.50. The trial court heard the motion on April 29, 30, and May 3, 2004. On May 4, 2004, the trial court entered findings that Andrew Boyo has failed to pay the full amount due for the mortgage payments, found he was able to pay, held him in contempt for each unpaid installment, and ordered Andrew Boyo to be confined until he complied with the court's order by paying $13,457.50 to Margaret Boyo through her attorney.

Boyo's first issue presents the following question: (1) "Did the trial court violate Relator's due process rights by finding Relator guilty of violating in November of 2003 an order that did not even exist until a month later on December 14, 2003?" The answer is "No." It is true that the order did not exist until December 18, 2003. What is not borne out by the record is Boyo's assertion that the acts for which he was found to be in contempt occurred

---

1. The underlying suit is styled Cause No. 02–08–05770–CV, *In the Matter of the Marriage of Margaret Boyo and Andrew Boyo, and In the Interest of P.B. and P.B., Children.*

before the date of the order. The trial court held the relator in contempt, not for failing to timely pay the November and December installments as ordered by the November 26, 2002 agreed order, but for failing to cure the delinquency by January 1. Contrary to the relator's argument, the December 18 "Second Temporary Order" is not an unenforceable retroactive order. Thus, our case is distinguishable from the relator's cited case, *Ex parte Guetersloh*, 935 S.W.2d 110, 111 (Tex.1996), in which the relator had been held in contempt for violating a July 17 injunction by permitting construction workers to pour a slab beginning on July 1 and continue construction through August. There, a contempt judgment for an impermissible reason had not been segregated from the permissible one. *Id.* Here, the trial court on December 18 required Andrew Boyo to bring current any delinquent payments that were currently due and owing to Altegra Credit and Citi Financial Mortgage Co., and gave him until January 1 to comply.

"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). Boyo could not, within the bounds of common sense, read the December 18 order to require him to have paid the monthly installments on the installment dates that occurred before the date of the order. We hold that the December 18, 2003, order satisfied the due process standard articulated in *Slavin*. Because we find the challenged portions of the or-

der to be valid, we do not reach the merits of the challenge to the remainder of the contempt judgment.[2] We overrule the relator's issues.

We deny the petition for writ of habeas corpus, revoke our previous bond, and order relator Andrew Boyo remanded to the custody of the Sheriff of Montgomery County.

WRIT DENIED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. Because the majority makes generalized, conclusory statements about the various documents, it is necessary to set them out in particular.

The Second Temporary order, signed on December 18, 2003, stated, in pertinent part:

(3) IT IS FURTHER ORDERED that ANDREW BOYO shall timely pay as additional temporary child support the monthly mortgage payments payable to Altegra Credit at P.O. Box 856156, Louisville, KY 40285–66156 in the amount of $1907.47 per month and the second mortgage payments to Citi Financial Mortgage Co. at 1111 Northpoint Drive, Coppell, Texas 75019 in the amount of $747.50 per month, on the property located at 115 E. Shadow Point Circle, The Woodlands, Texas, beginning December 1, 2003 and continuing on the first day of each month thereafter until further order of the Court. IT IS FURTHER ORDERED that on or before January 1, 2004, ANDREW BOYO shall bring current any delinquent mortgage

---

**2.** Issue two presents the following question: "Is Relator entitled to his unconditional release because his due process rights have been violated by being assessed one civil contempt sentence which is void because it

purges 7 violations of the December 14, 2003 order, 3 of which violations are unenforceable by contempt because they occurred before the December 14, 2003 order was ever signed?"

payments that are currently due and owing to Altegra Credit and Citi Financial Mortgage Co.

The Motion for Enforcement of Second Temporary Order and Order to Appear, filed February 23, 2004, alleged, in pertinent part:

8. Respondent ANDREW BOYO has violated the order described above as follows:

**ADDITIONAL CHILD SUPPORT—MONTHLY MORTGAGE PAYMENTS**

ANDREW BOYO Respondent, has failed to pay directly to Citi Financial Mortgage Company and Altegra Credit Company the full amount due for the monthly mortgage payments as follows:

| | Violation | Date Due | Date Due | Amount Due | Amount Paid | Arrearage |
|---|---|---|---|---|---|---|
| 1. | Altegra Credit | 11/01/03 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 2. | Citi Financial | 12/01/03 | Not Paid | 747.50 | 00.00 | 747.50 |
| 3. | Altegra Credit | 12/01/03 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 4. | Citi Financial | 01/01/04 | Not Paid | 747.50 | 00.00 | 747.50 |
| 5. | Altegra Credit | 01/01/04 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 6. | Citi Financial | 02/01/04 | Not Paid | 747.50 | 00.00 | 747.50 |
| 7. | Altegra Credit | 02/01/04 | Not Paid | 1907.47 | 00.00 | 1907.47 |

| | |
|---|---|
| Total Combined Arrearage—Mortgage Payments | $ 9,872.38 |
| *Plus late fees and penalties | + 3,585.12 |
| | $13,457.50 |

The Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail, signed on May 4, 2004, states, in pertinent part:

The Court further finds that Respondent has failed to comply with the provisions of the order as follows:

*Contempt Findings and Findings on Arrearages*

ANDREW BOYO Respondent, has failed to pay directly to Citi Financial Mortgage Company and Altegra Credit Company the full amount due for the monthly mortgage payments as follows:

| | Violation | Date Due | Date Due | Amount Due | Amount Due | Arrearage |
|---|---|---|---|---|---|---|
| 1. | Altegra Credit | 11/01/03 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 2. | Citi Financial | 12/01/03 | Not Paid | 747.50 | 00.00 | 747.50 |
| 3. | Altegra Credit | 12/01/03 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 4. | Citi Financial | 01/01/04 | Not Paid | 747.50 | 00.00 | 747.50 |
| 5. | Altegra Credit | 01/01/04 | Not Paid | 1907.47 | 00.00 | 1907.47 |
| 6. | Citi Financial | 02/01/04 | Not Paid | 747.50 | 00.00 | 747.50 |
| 7. | Altegra Credit | 02/01/04 | Not Paid | 1907.47 | 00.00 | 1907.47 |

| | |
|---|---|
| Total Combined Arrearage—Mortgage Payments | $ 9,872.38 |
| *Plus late fees and penalties | + 3,585.12 |
| | $13,457.50 |

The Court finds that Respondent was able to pay child support in the amounts and on the dates ordered as set out above and that Respondent is guilty of a separate act of contempt for each such separate failure to pay child support in the amounts ordered.

The Court further finds that on the day of this hearing Respondent has the ability to comply with the order of the Court by paying the child support arrearages set forth in violations 1–11[sic] enumerated above.

. . . .

*Relief Granted*

IT IS ADJUDGED that Respondent, ANDREW BOYO, is in contempt for each separate violation enumerated above.

*Civil Contempt*

IT IS ORDERED that Respondent, ANDREW BOYO, shall thereafter be further confined . . . until Respondent has complied with the following orders. IT IS ORDERED that Respondent—

1. pay $13,457.50, to MARGARET BOYO. . . .

The Second Temporary Order, signed December 18, 2003, requires Boyo to do two different things: make specified monthly payments beginning December 1, 2003, and bring current any delinquent mortgage payments that were currently due and owing by January 1, 2004. Because a contemnor cannot be held in contempt of court for conduct that occurred before the court's order is reduced to writing, *In re Sellers*, 982 S.W.2d 85, 87 (Tex. App.-Houston [1st Dist.] 1998, orig. proceeding) (citing *Ex parte Chambers*, 898 S.W.2d 257, 262 (Tex.1995)), the monthly payment requirement could only apply to those payments due after December 18, 2003. Consequently, the specific monthly requirement applies to violations 4, 5, 6, and 7 of the motion to enforce and the "bring current" requirement applies to violations 1, 2, 3, and 4 of the motion to enforce. Unfortunately, Ms. Boyo did not rely upon the "bring current" provision in her motion to enforce; she only alleged Mr. Boyo had failed to make the monthly payments as ordered.

Contrary to the majority's conclusion that "[t]he trial court held the relator in contempt, not for failing to timely pay the November and December installments, but for failing to cure the delinquency by January 1," the trial court actually found Mr. Boyo had failed to pay the monthly mortgage payments and enumerated them as alleged in the motion to enforce. Thus, the trial court clearly found Mr. Boyo in contempt for those monthly payments due prior to December 18 and this was error. *Ex parte Chambers*, 898 S.W.2d at 262.

The trial court then used the total arrearage as the basis for purging of the civil contempt. This too was error for when one punishment is assessed for more than one act of contempt and one of the acts is not enforceable by contempt, the entire punishment is void. *See In re Gabbai*, 968 S.W.2d 929, 931 (Tex.1998)(orig.proceeding).

The majority, without saying so, is attempting to use the "right result for the wrong reason" rationale, *see Hawthorne v. Guenther*, 917 S.W.2d 924, 931 (Tex.App.-Beaumont 1996, writ denied), or the "[n]otwithstanding the reasons stated by the trial court [in its findings and conclusions], we will uphold the [district court's] order on any ground which is supported by the record" rationale. *In re Stevens*, 971 S.W.2d 757, 760 (Tex.App.-Beaumont 1998, orig. proceeding). These rationales are fine in the ordinary civil judgment context, but are not applicable to a contempt judgment because of due process considerations.

As stated in *In re Ross*, 125 S.W.3d 549, 553 (Tex.App.-Austin 2003, orig. proceeding):

Contempt proceedings are quasi-criminal in nature, and the contemner is entitled to procedural due process throughout the proceedings. *See Ex parte Brister*, 801 S.W.2d 833, 835 (Tex. 1990) (Cook, J., concurring) (citing *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex.1983)). Among those procedural due process rights is the right to reasonable notice of each alleged contemptuous act. The due process requirement is one of "full and complete notification" of the conduct with which the contemner is charged and the contemner must be given a reasonable opportunity to meet the

charges by defense or explanation. *Id.* (citing *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979)); *Ex parte Adell,* 769 S.W.2d 521, 522 (Tex.1989). A contempt order rendered without such adequate notification is void. *Adell,* 769 S.W.2d at 522.

Here the motion to enforce gave notice that Ms. Boyo was relying upon the specific monthly payment provisions of the second temporary order, rather than the "bring current" provision. The majority, though perhaps well-intentioned, cannot now rewrite the motion to enforce nor the trial court's order in order to justify Mr. Boyo's incarceration for failure to pay the total arrearage.[1]

I would hold the order void, grant the writ and release Mr. Boyo.

---

**1.** I recognize there could be new proceedings initiated consistent with my analysis that would result in the same bottom line. However, we must not sacrifice due process for judicial economy.