In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-215 CV


____________________



IN RE ANDREW BOYO






Original Proceeding






OPINION


 Relator, Andrew Boyo, challenges the trial court's order of May 4, 2004, finding
him in contempt and committing him to jail until he pays a child support arrearage of
$13,457.50. (1) On May 10, 2004, we issued an order setting bond at $20,000. No record
of the trial court's evidentiary hearing has been filed, and this controversy is submitted
upon a record consisting of temporary orders in the parties' ongoing divorce suit, the
motion for enforcement, and the contempt judgment. Boyo claims that the underlying
order is void because it included a command to pay mortgage payments on three antecedent
dates. Because we find the order in question clearly orders Boyo to cure the existing
defaults by a date certain that is subsequent to the date of the order, we deny the writ and
order him returned to the custody of the Montgomery County Sheriff. 

 "Agreed Temporary Orders" entered by the trial court on November 26, 2002,
contained provisions for child and spousal support, one part of which ordered Boyo to
"pay the mortgage payments directly to" the financial institutions that hold the parties' first
and second mortgages. On December 18, 2003, the trial court entered its "Second
Temporary Order," which is the order eventually enforced through contempt. That order
included the following:

 IT IS FURTHER ORDERED that ANDREW BOYO shall timely pay
as additional temporary child support the monthly mortgage payments
payable to Altegra Credit at P.O. Box 856156, Louisville, KY 40285-66156
in the amount of $1907.47 per month and the second mortgage payments to
Citi Financial Mortgage Co. at 1111 Northpoint Drive, Coppell, Texas
75019 in the amount of $747.50 per month, on the property located at 115
E. Shadow Point Circle, The Woodlands, Texas, beginning December 1,
2003, and continuing on the first day of each month thereafter until further
order of the Court. IT IS FURTHER ORDERED that on or before January
1, 2004, ANDREW BOYO shall bring current any delinquent mortgage
payments that are currently due and owing to Altegra Credit and Citi
Financial Mortgage Co. [emphasis added]


 IT IS FURTHER ORDERED that all other terms of the AGREED
TEMPORARY ORDER entered on November 26, 2002 that are not
specifically modified in this order shall remain in full force and effect.


 On February 23, 2004, Margaret Boyo filed a motion to enforce the "Second
Temporary Order." Her motion alleged that mortgage installments for November 2003
through February 2004 had not been paid, and that the combined mortgage payments, with
late fees and penalties, totaled $13,457.50. The trial court heard the motion on April 29,
30, and May 3, 2004. On May 4, 2004, the trial court entered findings that Andrew Boyo
has failed to pay the full amount due for the mortgage payments, found he was able to pay,
held him in contempt for each unpaid installment, and ordered Andrew Boyo to be
confined until he complied with the court's order by paying $13,457.50 to Margaret Boyo
through her attorney. 

 Boyo's first issue presents the following question: (1) "Did the trial court violate
Relator's due process rights by finding Relator guilty of violating in November of 2003 an
order that did not even exist until a month later on December 14, 2003?" The answer is
"No." It is true that the order did not exist until December 18, 2003. What is not borne
out by the record is Boyo's assertion that the acts for which he was found to be in
contempt occurred before the date of the order. The trial court held the relator in
contempt, not for failing to timely pay the November and December installments as
ordered by the November 26, 2002 agreed order, but for failing to cure the delinquency
by January 1. Contrary to the relator's argument, the December 18 "Second Temporary
Order" is not an unenforceable retroactive order. Thus, our case is distinguishable from
the relator's cited case, Ex parte Guetersloh, 935 S.W.2d 110, 111 (Tex. 1996), in which
the relator had been held in contempt for violating a July 17 injunction by permitting
construction workers to pour a slab beginning on July 1 and continue construction through
August. There, a contempt judgment for an impermissible reason had not been segregated
from the permissible one. Id. Here, the trial court on December 18 required Andrew
Boyo to bring current any delinquent payments that were currently due and owing to
Altegra Credit and Citi Financial Mortgage Co., and gave him until January 1 to comply. 
 "It is an accepted rule of law that for a person to be held in contempt for disobeying
a court decree, the decree must spell out the details of compliance in clear, specific and
unambiguous terms so that such person will readily know exactly what duties or
obligations are imposed upon him." Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967). 
Boyo could not, within the bounds of common sense, read the December 18 order to
require him to have paid the monthly installments on the installment dates that occurred
before the date of the order. We hold that the December 18, 2003, order satisfied the due
process standard articulated in Slavin. Because we find the challenged portions of the
order to be valid, we do not reach the merits of the challenge to the remainder of the
contempt judgment. (2) We overrule the relator's issues. 

 We deny the petition for writ of habeas corpus, revoke our previous bond, and
order relator Andrew Boyo remanded to the custody of the Sheriff of Montgomery County. 

 WRIT DENIED. 

 

 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on May 24, 2004

Opinion Delivered August 12, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION


 I respectfully dissent. Because the majority makes generalized, conclusory
statements about the various documents, it is necessary to set them out in particular.

 The Second Temporary order, signed on December 18, 2003, stated, in pertinent
part:

 (3) IT IS FURTHER ORDERED that ANDREW BOYO shall timely
pay as additional temporary child support the monthly mortgage payments
payable to Altegra Credit at P.O. Box 856156, Louisville, KY 40285-66156
in the amount of $1907.47 per month and the second mortgage payments to
Citi Financial Mortgage Co. at 1111 Northpoint Drive, Coppell, Texas
75019 in the amount of $747.50 per month, on the property located at 115
E. Shadow Point Circle, The Woodlands, Texas, beginning December 1,
2003 and continuing on the first day of each month thereafter until further
order of the Court. IT IS FURTHER ORDERED that on or before January
1, 2004, ANDREW BOYO shall bring current any delinquent mortgage
payments that are currently due and owing to Altegra Credit and Citi
Financial Mortgage Co. 

 The Motion for Enforcement of Second Temporary Order and Order to Appear,
filed February 23, 2004, alleged, in pertinent part:

 8. Respondent ANDREW BOYO has violated the order described above as
follows:


 ADDITIONAL CHILD SUPPORT - MONTHLY MORTGAGE PAYMENTS


 ANDREW BOYO Respondent, has failed to pay directly to Citi
Financial Mortgage Company and Altegra Credit Company the full amount
due for the monthly mortgage payments as follows:


 Violation Date Date Amount Amount Arrearage 


 Due Due Due Paid


 1. Altegra Credit 11/01/03 Not Paid 1907.47 00.00 
1907.47

 2. Citi Financial 12/01/03 Not Paid 747.50 00.00 
747.50

 3. Altegra Credit 12/01/03 Not Paid 1907.47 00.00 
1907.47

 4. Citi Financial 01/01/04 Not Paid 747.50 00.00 
747.50

 5. Altegra Credit 01/01/04 Not Paid 1907.47 00.00 
1907.47

 6. Citi Financial 02/01/04 Not Paid 747.50 00.00 
747.50

 7. Altegra Credit 02/01/04 Not Paid 1907.47 00.00 
1907.47

 

 Total Combined Arrearage - Mortgage Payments $9,872.38

 *Plus late fees and penalties + 3,585.12

 $13,457.50


 The Order Holding Respondent in Contempt for Failure to Pay Child Support,
Granting Judgment, and for Commitment to County Jail, signed on May 4, 2004 states,
in pertinent part:

 The Court further finds that Respondent has failed to comply with the
provisions of the order as follows:


 Contempt Findings and Findings on Arrearages


 ANDREW BOYO Respondent, has failed to pay directly to Citi
Financial Mortgage Company and Altegra Credit Company the full amount
due for the monthly mortgage payments as follows:


 Violation Date Date Amount Amount 
Arrearage

 Due Due Due Paid 


 1. Altegra Credit 11/01/03 Not Paid 1907.47 00.00 
1907.47

 2. Citi Financial 12/01/03 Not Paid 747.50 00.00 
747.50

 3. Altegra Credit 12/01/03 Not Paid 1907.47 00.00 
1907.47

 4. Citi Financial 01/01/04 Not Paid 747.50 00.00 
747.50

 5. Altegra Credit 01/01/04 Not Paid 1907.47 00.00 
1907.47

 6. Citi Financial 02/01/04 Not Paid 747.50 00.00 
747.50

 7. Altegra Credit 02/01/04 Not Paid 1907.47 00.00 
1907.47


 Total Combined Arrearage - Mortgage Payments $9,872.38

 *Plus late fees and penalties + 3,585.12

 $13,457.50


 The Court finds that Respondent was able to pay child support in the
amounts and on the dates ordered as set out above and that Respondent is
guilty of a separate act of contempt for each such separate failure to pay
child support in the amounts ordered.

 The Court further finds that on the day of this hearing Respondent has
the ability to comply with the order of the Court by paying the child support
arrearages set forth in violations 1-11 [sic] enumerated above.


 . . . .


 Relief Granted


 IT IS ADJUDGED that Respondent, ANDREW BOYO, is in
contempt for each separate violation enumerated above. 


 Civil Contempt


 IT IS ORDERED that Respondent, ANDREW BOYO, shall thereafter
be further confined . . . until Respondent has complied with the following
orders. IT IS ORDERED that Respondent - 


 1. pay $13,457.50, to MARGARET BOYO . . . .

 

 The Second Temporary Order, signed December 18, 2003, requires Boyo to do two
different things: make specified monthly payments beginning December 1, 2003, and
bring current any delinquent mortgage payments that were currently due and owing by
January 1, 2004. Because a contemnor cannot be held in contempt of court for conduct
that occurred before the court's order is reduced to writing, In re Sellers, 982 S.W.2d 85,
87 (Tex. App.--Houston [1st Dist.] 1998, orig. proceeding) (citing Ex parte Chambers,
898 S.W.2d 257, 262 (Tex. 1995)), the monthly payment requirement could only apply
to those payments due after December 18, 2003. Consequently, the specific monthly
requirement applies to violations 4, 5, 6, and 7 of the motion to enforce and the "bring
current" requirement applies to violations 1, 2, 3, and 4 of the motion to enforce. 
Unfortunately, Ms. Boyo did not rely upon the "bring current" provision in her motion to
enforce; she only alleged Mr. Boyo had failed to make the monthly payments as ordered.

 Contrary to the majority's conclusion that "[t]he trial court held the relator in
contempt, not for failing to timely pay the November and December installments, but for
failing to cure the delinquency by January 1," the trial court actually found Mr. Boyo had
failed to pay the monthly mortgage payments and enumerated them as alleged in the
motion to enforce. Thus, the trial court clearly found Mr. Boyo in contempt for those
monthly payments due prior to December 18 and this was error. Ex parte Chambers, 898
S.W.2d at 262. 

 The trial court then used the total arrearage as the basis for purging of the civil
contempt. This too was error for when one punishment is assessed for more than one act
of contempt and one of the acts is not enforceable by contempt, the entire punishment is
void. See In re Gabbai, 968 S.W.2d 929, 931 (Tex. 1998)(orig. proceeding).

 The majority, without saying so, is attempting to use the "right result for the wrong
reason" rationale, see Hawthorne v. Guenther, 917 S.W.2d 924, 931 (Tex. App.--Beaumont 1996, writ denied), or the "[n]otwithstanding the reasons stated by the trial
court [in its findings and conclusions], we will uphold the [district court's] order on any
ground which is supported by the record" rationale. In re Stevens, 971 S.W.2d 757, 760
(Tex. App.--Beaumont 1998, orig. proceeding). These rationales are fine in the ordinary
civil judgment context, but are not applicable to a contempt judgment because of due
process considerations.

 As stated in In re Ross, 125 S.W.3d 549, 553 (Tex. App.--Austin 2003, orig.
proceeding):

 Contempt proceedings are quasi-criminal in nature, and the contemner
is entitled to procedural due process throughout the proceedings. See Ex
parte Brister, 801 S.W.2d 833, 835 (Tex. 1990) (Cook, J., concurring)
(citing Ex parte Johnson, 654 S.W.2d 415, 420 (Tex.1983)). Among those
procedural due process rights is the right to reasonable notice of each alleged
contemptuous act. The due process requirement is one of "full and complete
notification" of the conduct with which the contemner is charged and the
contemner must be given a reasonable opportunity to meet the charges by
defense or explanation. Id. (citing Ex parte Gordon, 584 S.W.2d 686, 688
(Tex.1979)); Ex parte Adell, 769 S.W.2d 521, 522 (Tex.1989). A contempt
order rendered without such adequate notification is void. Adell, 769
S.W.2d at 522.


 Here the motion to enforce gave notice that Ms. Boyo was relying upon the specific
monthly payment provisions of the second temporary order, rather than the "bring current"
provision. The majority, though perhaps well-intentioned, cannot now rewrite the motion
to enforce nor the trial court's order in order to justify Mr. Boyo's incarceration for failure
to pay the total arrearage. (3) 

 I would hold the order void, grant the writ and release Mr. Boyo.


 
 

 ____________________________

 DON BURGESS

 Justice


Dissent Delivered

August 12, 2004

 








1. The underlying suit is styled Cause No. 02-08-05770-CV, In the Matter of the
Marriage of Margaret Boyo and Andrew Boyo, and In the Interest of P.B. and P.B., 
Children.
2. Issue two presents the following question: "Is Relator entitled to his unconditional
release because his due process rights have been violated by being assessed one civil
contempt sentence which is void because it purges 7 violations of the December 14, 2003
order, 3 of which violations are unenforceable by contempt because they occurred before
the December 14, 2003 order was ever signed?" 
3. I recognize there could be new proceedings initiated consistent with my analysis
that would result in the same bottom line. However, we must not sacrifice due process for
judicial economy.