IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00021-CR

 

Billy Charles Jones,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F38027

 



MEMORANDUM  Opinion



 

Appellant has filed a motion to withdraw and to
dismiss his notice of appeal.  See Tex.
R. App. P. 42.2(a); McClain v. State, 17 S.W.3d 310, 311 (Tex. App.—Waco 2000, no pet.).  We have not issued a decision in this appeal.  Appellant personally
signed the motion.  Accordingly, the appeal is dismissed.

 

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal
dismissed

Opinion delivered and
filed February 8, 2006

Do not publish

[CR25]






ficiency of the
evidence, “close calls” go to the parent, citing Lewelling v. Lewelling,
796 S.W.2d 164, 168 (Tex. 1990)).  Termination is a drastic remedy and is of
such weight and gravity that due process requires the petitioner to justify
termination by “clear and convincing evidence.”  Spangler v. Texas Dept. of Prot. & Reg. Servs., 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no
pet.).

          And yet, in the face of requirements
of clear and convincing evidence and strict scrutiny on a matter of
constitutional dimension, the opinion in this case consists of conclusory
statements that the evidence is legally and factually sufficient to support the
findings of grounds for termination and that termination is in the best
interest of Appellant’s two children.  What this opinion does is give the
appearance that we have not carefully reviewed the evidence.  Even worse, it
makes it appear that the Appellant’s attorney, a competent appellate attorney
who has appeared and argued before us on many occasions, has not filed a brief
raising issues worthy of our careful consideration.  In fact, her twenty-nine
page brief and reply brief contain a detailed discussion of the evidence, or
lack thereof, in support of the issues on appeal.  The Department’s reply brief
consists of twenty-three pages of evidentiary discussion in support of the
judgment.  Yet, the best this opinion can muster is four sentences on the
evidence about endangerment and three about best interest concerning K.G.M. and
five sentences on the evidence about endangerment and the same three sentences
about best interest concerning W.F.M.  The recitations about the standards of
review are much longer than the discussions of the evidence.  This opinion, in
my view, does not demonstrate that this parent has been given a meaningful
appeal of findings that she must live with for the rest of her life.  We can
and ought to do better.

          If the United States Supreme Court
means what it says about parental rights being of constitutional dimension and
an interest “far more precious than any property right,” the courts should
accord parents whose rights are subject to court-ordered termination the same
“quasi-criminal” protections provided to juveniles whose liberty interests are
threatened by “civil” juvenile proceedings and provided in some contempt and
other proceedings.  See, e.g., In re M.A.F., 966 S.W.2d 448, 450 (Tex. 1998) (recognizing that juvenile cases are quasi-criminal in nature); Holick v.
Smith, 685 S.W.2d 18, 20 (Tex. 1985) (the involuntary termination of
parental rights implicates fundamental constitutional rights); In re L.D.T.,
161 S.W.3d 728, 730 (Tex. App.—Beaumont 2005, no pet. h.) (comparing
termination case to juvenile proceeding for Anders-brief purposes); In
re J.H., 150 S.W.3d 477, 485 (Tex. App.—Austin 2004, pet. denied) (applying
criminal harm analysis to juvenile proceeding because “quasi-criminal” in
nature); In re Boyo, 143 S.W.3d 472, 476 (Tex. App.—Beaumont 2004, orig.
proceeding) (“Contempt proceedings are quasi-criminal in nature, and the
contemner is entitled to procedural due process throughout the proceedings.”); In
re A.J.G., 131 S.W.3d 687, 694 (Tex. App.—Corpus Christi 2004, pet. denied)
(criminal rules of procedure are utilized by civil courts in juvenile
proceedings because of their serious, quasi-criminal nature); In re Dooley,
129 S.W.3d 277, 278 (Tex. App.—Corpus Christi 2004, orig. proceeding) (contempt
proceedings in Texas have been characterized as quasi-criminal proceedings
which should conform as nearly as practicable to those in criminal cases); Striedel
v. Striedel, 15 S.W.3d 163, 166 (Tex. App.—Corpus Christi 2000, no pet.) (a
hearing for protective order in a divorce case involves liberty issues because
a person's freedom of movement is restricted—a quasi-criminal proceeding
implicating due process); Ex parte McIntyre, 730 S.W.2d 411, 415 (Tex.
App.—San Antonio 1987, orig. proceeding) (a contempt proceeding is unlike a
civil suit, has some of the incidents of a trial for crime, and is
quasi-criminal in nature; accordingly, proceedings in contempt cases should
conform as nearly as practicable to those in criminal cases) (citing Ex
parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967)).

          I realize that the Texas Supreme Court
has largely rejected this argument.  See In re B.L.D. 113 S.W.3d 340 (Tex. 2003).  The rationale there was that because civil evidentiary and procedural rules
apply to termination cases, they are unlike other “quasi-criminal” civil
cases.  That analysis seems contrary to statutory interpretations that have
resulted in “quasi-criminal” designations because the statutes impose on
fundamental constitutionally-protected interests.  What is more fundamental
than a parent’s interest in continuing the parent-child relationship? 
Furthermore, one can justifiably question how, as the Texas Supreme Court
found, the state’s interest in its error-preservation rules could outweigh a
parent’s due-process rights under the Fourteenth Amendment (B.L.D., 113
S.W.3d at 354), particularly when termination proceedings have been
characterized by the United States Supreme Court as “endeavoring to defend
against the State's destruction of [] family bonds,” “to resist the brand
associated with a parental unfitness adjudication,” and a parent, “like a
defendant resisting criminal conviction, [] seeks to be spared from the State's
devastatingly adverse action.”  M.L.B. v. S.L.J., 519 U.S. 102, 136, 117 S.Ct. 555, 574, 136 L.Ed.2d 473 (1996).

          Although I concur in the judgment
affirming the trial court’s judgment, I cannot join an opinion that does not
provide to the litigants (particularly the parent whose rights have been
irrevocably terminated), the higher courts, the bench and bar, and the public
more of the facts and the analysis necessary to understand why the Appellant
brought the issues or our reasons for rejecting them.

 

 

BILL VANCE

Justice

 

Concurring
opinion delivered and filed July 27, 2005