**Ex parte Walter E. VETTERICK.**

**No. C–7054.**

Supreme Court of Texas.

Feb. 10, 1988.

Robert A. Hatcher, San Antonio, for relator.

Ilse Bailey–Graham, Asst. Crim. Dist. Atty., Edward L. Sargologos, San Antonio, for respondent.

PER CURIAM.

In this original habeas corpus proceeding, the issue is whether relator Walter E. Vetterick received notice as required by due process of law before he was held in contempt of a court order. The underlying proceeding concerned Vetterick's administration of the estate of Mrs. Olive Marie Frugia, his sister. On motion by Mrs. Frugia's son, Robert, the court ordered Vetterick to appear and "show cause" why it should not order him to turn over the estate's assets. An unrecorded hearing was held on October 7, 1987. On the same day, the court signed an order compelling Vetterick to deliver to the registry of the court all estate money and property in his possession and to provide a sworn accounting of his receipts and expenditures. The order did not set a deadline for compliance. The court apparently also announced that there would be a second hearing on December 4. After the December hearing, the court signed a judgment holding Vetterick in contempt, based on his failure to comply with the October 7 order, and his failure to appear in response to a deposition subpoena.

In a case involving conduct outside the presence of the court, due process requires that the alleged contemnor receive full and unambiguous notification of the accusation of any contempt. This notice should be by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt. *See Ex Parte Gordon*, 584 S.W.2d 686 (Tex.1979), and *Ex Parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969). There is nothing in the record to show that Vetterick received this full and specific notice. No motion for contempt was filed, and no show cause order or equivalent legal process was issued, before the December hearing. In fact, the record reflects that Vetterick was not summoned by "any type of subpoena of any sort." Any oral notification Vetterick received was inadequate. Notice at the October hearing, on the same date as the order he allegedly later violated, is deficient on its face. *See Ex Parte Blanchard*, 736 S.W.2d 642, 643 (Tex.1987).

The judgment of contempt is contrary to our holdings in *Ex Parte Gordon* and *Ex Parte Blanchard*. Pursuant to Tex.R.App. P. 122, without hearing oral argument, a majority of the court grants the writ and orders relator discharged.