OPINION
McCORMICK, Presiding Judge.
Applicant, Michael D. Knable, appeared in the 193rd District Court in Dallas County and informed the trial court that he represented the defendants in a matter involving a hearing on a temporary injunction. About twenty days after the hearing, the trial court discovered that applicant was not an attorney. The trial court, without notice to applicant or a hearing, adjudged applicant in contempt of court for his misrepresentations and ordered that he be arrested and held.[1] After being arrested applicant filed his application for writ of habeas corpus in this Court alleging that he was entitled under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to notice and a hearing. We ordered the application to be filed and set. We now set aside the trial court’s order.
The trial court has responded to the application before us, asserting that applicant’s actions constitute “direct contempt” and that, as such, applicant was not enti-tied to notice and a hearing before being found guilty of contemptuous conduct. Quoting from Ex parte Daniels, 722 S.W.2d 707 (Tex.Cr.App.1987), the trial court insists that “[a]t the onset of any discussion or judicial determination of the right to due process in a contempt case, it is necessary to distinguish ‘direct’ contempt from ‘constructive’ contempt. See Daniels, 722 S.W.2d at 709.[2] The judge argues that in all direct contempt cases the trial court has the authority to punish without first affording the contemnor the usual due process protections of notice and an opportunity to be heard. We disagree.
Although making the initial distinction between direct and constructive contempt is helpful in the determination of whether a contemnor should be afforded notice and a hearing, see Daniels, 722 S.W.2d at 709,[3] a finding of direct contempt does not automatically justify summary punishment of the contemnor. For example, in Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), the Supreme Court determined that “[pjunishment without issue or trial is so contrary to the usual and ordinary indispensable hearing before judgment, constituting due process, that the assumption that the court saw everything that went on in open court is required to justify the exception; but the need for immediate penal vindication of the dignity of the court created [the exception].” Taylor, 418 U.S. at 497 n. 6, 94 S.Ct. at 2703 n. 6 (emphasis added). See also Cooke v. United States, 267 U.S. 517, 536, 45 S.Ct. 390, 69 L.Ed. 767 (1925).
*813 Specifically, in Taylor, an attorney representing his client committed several acts which might have been deemed contemptuous. Although these acts occurred during trial in the judge’s presence, the judge held his contempt findings in abeyance until the trial’s end. At that time, without notice or an opportunity to be heard, the trial court adjudged the attorney to be in contempt of court and assessed punishment for his actions. The Supreme Court reversed the trial court’s judgment, writing:
“We have stated time and again that reasonable notice of a charge and an opportunity in defense before punishment is imposed are basic in our system of jurisprudence. Even where summary punishment for contempt is imposed during trial, the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution.
“On the other hand, where conviction and punishment [for the contemptuous acts] are delayed, it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable the court to proceed with its business.” 418 U.S. at 498, 94 S.Ct. at 2703.
See also Groppi v. Leslie, 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952). Thus, the trial court’s authority to summarily punish contemptuous conduct does not automatically flow from being able to observe the conduct, it flows from observing the conduct and the exigency of the situation.[4] Once the exigency ceases to exist, however, the authority of the trial court to punish without notice and an opportunity to be heard also ceases to exist. In short, even though contemptuous conduct may have occurred in the presence of the trial court, when the immediate need to maintain decorum in the courtroom dissipates, so too dissipates the judge’s power to punish the contemptuous conduct without first affording the con-temnor notice and an opportunity to be heard.[5]
In the case before us, we are not concerned with a trial court’s need and resultant powers to punish summarily contemptuous conduct, disruptive to the orderly trial process, that occurred in his presence. See, e.g., Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954); Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). The trial court discovered applicant’s misrepresentations when there was no need to maintain order in the courtroom.[6] Applicant, however, was not given notice of the contempt charges against him and was not afforded an opportunity to be heard regarding those charges. Because applicant could have been afforded due process protections without disrupting the orderly trial process, the Due Process Clause of the Fourteenth Amendment *814 mandates that applicant should have been afforded these protections. “For the accused contemnor facing a jail sentence, his ‘liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.’ ” Taylor, 418 U.S. at 500, 94 S.Ct. at 2704, quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972).
Consequently, the order entitled “Judgment of Contempt and Order for the Issuance of Capias for Michael D. Enable” dated March 28, 1991, along with the order entitled “Order of Commitment as to Michael D. Enable” dated April 24, 1991, are hereby set aside. The proceedings are remanded to the trial court for actions consistent with this opinion.

. Subsequently, the trial court held a hearing on other claims of contemptuous conduct. Applicant was given notice and an opportunity to be heard on these charges. After the hearing, the trial court found applicant in contempt of court (finding that applicant signed documents as an attorney) and assessed jail time. The order finding applicant in contempt provided that the jail time was to run after the time served for the contempt finding that applicant had misrepresented himself to be an attorney. Issues regarding the second contempt finding are not before us and the fact that the sentence on the second contempt finding is to run after the sentence on the first contempt finding leads us to conclude that the issue before us is not moot.

. Direct contempt is contemptuous conduct committed in the presence of the court whereas constructive contempt is that contemptuous conduct occurring outside the presence of the trial court. See Daniels, 722 S.W.2d at 707.

.Once a court determines that actions constitute constructive contempt, there is no question concerning whether the supposed contemnor must be provided with notice and a hearing; he must be afforded both. See Ex parte Avila, 659 S.W.2d 443, 444 (Tex.Cr.App.1983); Ex parte Vetterick, 744 S.W.2d 598, 599 (Tex.1988); Ex parte Edgerly, 441 S.W.2d 514, 516 (Tex.1969). Moreover, the contemnor may not be legally confined without reasonable opportunity to obtain counsel. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). See Ex parte Flournoy, 312 S.W.2d 488, 492 (Tex.1958) and cases cited therein.

.By exigency of the situation we mean that the court has the authority to act instantaneously to quell disruption, violence, disrespect or physical abuse by those in the courtroom and to maintain respect for the court. As the Supreme Court observed in Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925):
"[t]o preserve order in the courtroom for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court, when occurring in open court. There is no need of evidence or assistance of counsel before punishment because the court has seen the offense. Such summary vindication of the court’s dignity and authority is necessary. It has always been so in the courts of the common law, and the punishment imposed is due process of law_” 267 U.S. at 534, 45 S.Ct. at 394. See generally Texas Government Code, Section 21.002(a)(b) and (c). Cf., Texas Government Code, Section 21.002(d) ("An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence by a judge of a district court that is not the offended court....”)

. Judge Campbell writing for the Court in Ex parte Avila, 659 S.W.2d 443 (Tex.Cr.App.1983), observed that "the distinction between direct and constructive contempt is of little moment in view of the Supreme Court’s decision in Taylor....” 659 S.W.2d at 444 (emphasis added).

. The trial court discovered that applicant is not an attorney about twenty days after applicant had appeared at the hearing on the injunction. At the time of the discovery, applicant was not even in the courtroom.