Kendrea GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00405–CR.

Court of Appeals of Texas, Waco.

Jan. 27, 2006.

---

Ricardo De Los Santos, Cleburne, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

Before Justice VANCE and Justice REYNA.

## OPINION

PER CURIAM.

■ The trial court found Appellant Kendrea Gonzalez in contempt for violating a condition of bond—that she not use illegal drugs—and sentenced her to jail for 180 days. She filed an application for writ of habeas corpus, which the trial court heard but denied. She appeals the trial court's denial of her habeas corpus application (see TEX.R.APP. P. 31),[1] asserting that due process violations resulted in a void contempt order and that her sentence was illegal. We find that the contempt order is void and that the sentence is illegal, and we order Gonzalez's immediate release.

### Background

After being arrested and indicted for the offenses of possession of a controlled substance (methamphetamine, 1–4 grams) with intent to deliver and possession of marihuana, Gonzalez was released on $10,000 bond. On July 18, 2005, Gonzalez was arraigned before the Honorable William C. Bosworth, Jr., Judge of the 413th District Court in Johnson County. The trial court placed a bond condition that Gonzalez not use any illegal drugs or alcohol. See TEX.CODE CRIM. PROC. ANN. art. 17.44(a)(2) (Vernon 2005). The trial court asked Gonzalez if there was anything in her body that would turn up on a drug screen that day, and Gonzales answered, "No, sir."

At a September 8, 2005 pretrial hearing, the State informed the trial court that the probation department had reported that several of Gonzalez's urinalysis (UA) samples were diluted but that others were clean. The trial court ordered Gonzales to appear again on September 12; she did, and the trial court allowed her retained attorney to withdraw and appointed another attorney to represent her.

The State filed a motion to declare the bond insufficient on September 29, alleging that Gonzalez tested positive for amphetamine/methamphetamine on July 13 and July 22 and that she submitted diluted urine specimens on August 25 and September 1.[2] The State requested that Gonzalez's $10,000 bond be declared insufficient and that she be taken into custody to make a new bond. Hearing on the State's motion was set for October 20.

At an October 3 status conference hearing, the State advised the trial court about Gonzalez's drug test results. The trial court ordered Gonzalez to submit to a drug test that day. Later that day, Gonzalez appeared again. The trial court first reiterated that it had ordered Gonzalez not to

---

1. We have jurisdiction of an appeal from a trial court's pretrial denial of habeas corpus relief. *E.g., Ex parte Davis,* 147 S.W.3d 546 (Tex.App.-Waco 2004, no pet.).

2. The State amended this motion on October 3, adding an allegation that Gonzalez tested positive for amphetamine/methamphetamine on September 12.

use illegal drugs or alcohol while out on bond and that it had received a report from the probation department that showed diluted urine specimens and a positive test for amphetamines for September 12. The trial court said that if evidence of those reports is presented, "there's really no other explanation other than there's an illegal drug in your system, if that's what the chemist says. . . . If the lab report shows that, then that probably would indicate to me that you must have used shortly before court last time. . . . [T]hat would indicate to the Court that—that—recent use. So you've got that." The trial court next indicated receiving information that Gonzalez had trouble producing a urine specimen for testing. The trial court warned Gonzalez that if she did not produce a specimen within forty-five minutes, she might be held in contempt:

> I ordered you to take a test today, and your attorney says you're having some trouble producing a sample. And I would indicate to you that I'm ordering you to give a sample today. Now, if you can't give one here in another 45 minutes, I don't really have a whole lot of choice. I can either put you in jail on a contempt charge, you know, possibly that, or I possibly could get a hair sample or order a hair sample which will give me more information than you want me to have. I don't know. But in about 45 minutes, I'm going to make a decision as to what to do.
>
> Now, let me talk to you about the contempt problem. And this is just for your education and this is something your attorney asked me to tell you directly. When the Court orders something to be done, the Court has certain powers to make sure they get done. One of them is a contempt power. And if the Court finds that you're in contempt for disobeying a Court order, then I have power to put you in jail for up to

six months and fine you $500. There's no right to appeal. There's no review. That's just the way it is. There's no trial. It's just whether I decide to do it or not. Okay. And that hasn't been decided, but I think you ought to be able to know ahead of time what the possible penalties are for failure to follow the Court's orders. . . . So you have about 45 minutes to produce a urine sample.

Gonzalez ultimately provided a urine specimen that day.

The trial court held a hearing on the State's motion to declare the bond insufficient on October 20. Evidence of Gonzalez's positive and two diluted UAs were admitted. The trial court found Gonzalez's $10,000 bond insufficient because of her illegal drug use and set a new bond at $50,000. The trial court also stated:

> In addition, under Code of Criminal Procedure, I'm going to hold you in contempt of Court for violating a condition of bond imposed under the Code of Criminal Procedure. Accordingly, I'm going to sentence you to 180 days in the county jail on a contempt charge for violating—the violations are on 7/13, 7/22 and 9/12/2005.

The trial court entered a written order adjudicating contempt. That order repeated the UA test findings, stated that Gonzalez's violation of the bond condition that she not use illegal drugs was found to be contemptuous conduct, and ordered her sentence of 180 days in jail.

Gonzalez filed an application for writ of habeas corpus on October 24, asserting that her confinement in county jail was illegal. On November 14, a hearing was held on her application. The trial court was advised that Gonzalez had met the $50,000 bond but was unable to be released because of the contempt sentence. The State, citing Article 7.1(a) [7.18] of the

Code of Criminal Procedure, opposed the application. The trial court denied the application, stating:

> The contempt is for the direct misrepresentation made in open court when she stood here before me and lied to me. That's the contempt part of it. I could assess contempt under 7.1(a) [7.18] of the Code of Criminal Procedure. And that is, in fact, part of her problem. As a term and condition of her bond, she was to abstain from using illegal drugs, and she did not. So she violated her bond. So I set the bond at 50,000 and also held her in contempt on the direct and indirect contempt. So I'm going to deny your Writ of Habeas Corpus.

**Applicable Law**

 A criminal contempt order is punitive and unconditional in nature and is an exertion of the court's inherent power to punish the contemnor for a completed act that affronted the court's dignity and authority. *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex.App.-Dallas 1991, orig. proceeding). Contempt proceedings are quasi-criminal in nature, and they should conform as nearly as practicable to those in criminal cases. *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex.1986). There are two types of criminal contempt: direct and constructive (or indirect). Direct contempt involves disobedience or disrespect to the court's authority and that is committed in the presence of the court, while constructive contempt occurs outside of the court's presence. *In re Johnson*, 996 S.W.2d 430, 433 (Tex.App.-Beaumont 1999, no pet.). Constructive contempt refers to acts that require testimony or the production of evidence to establish their existence. *Ex parte Daniels*, 722 S.W.2d 707, 709 (Tex.Crim.App.1987). Constructive contempt is commonly an act that constitutes a failure to comply with a valid court order. *See, e.g., Ex parte Arnold*, 503 S.W.2d 529, 533–34 (Tex.Crim.App.1974); *Johnson*, 996 S.W.2d at 433.

 Notice in the due process context of criminal contempt proceedings requires timely notice by personal service of the show cause hearing and full and unambiguous notice of the contempt accusations. *See, e.g., Ex parte Adell*, 769 S.W.2d 521, 522 (Tex.1989); *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex.1988); *In re Rowe*, 113 S.W.3d 749, 752 (Tex.App.-Austin 2003, no pet.). The notice must state when, how, and by what means the person has been guilty of contempt. *Vetterick*, 744 S.W.2d at 599. A contempt order rendered without such adequate notification is void. *Adell*, 769 S.W.2d at 522.

 The validity of a contempt judgment can be attacked only by habeas corpus. *Collins v. Kegans*, 802 S.W.2d 702, 705 (Tex.Crim.App.1991). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether she was afforded due process of law or if the order of contempt is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979). An order is void if it deprives the applicant of liberty without due process of law. *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex.1996).

**Analysis**

 At the outset, we note that the State's brief acknowledges that the trial court's actions involved only constructive contempt and that Gonzalez was not afforded a formal charge of contempt and a formal notice of a contempt hearing. The State therefore urges that Gonzalez was given "constructive" notice of the contempt charges and the contempt hearing at the October 3 status conference. Citing *Ex parte Garza*, the State alleges that notice of the charges of and hearing on allegations of constructive contempt can be in

the form of constructive notice. *See Ex parte Garza*, 593 S.W.2d 114, 116 (Tex. App.-Amarillo 1979, orig. proceeding). There the court stated in passing, "In general, in a constructive contempt proceeding the incarcerated relator is denied due process of law when he has no actual or constructive notice or knowledge of the hearing at which he is held in contempt." *Id.* Other than this statement in passing, the court neither addressed nor held that constructive notice of a constructive contempt hearing—much less constructive notice of contempt allegations—can be appropriate. Furthermore, it is settled that oral notice of a contempt hearing is inadequate. *Vetterick*, 744 S.W.2d at 599. We decline to follow *Garza's* dicta or to adopt a rule that constructive notice of a contempt hearing or of contempt charges can be appropriate.[3]

Accordingly, we find that the failure to provide Gonzales with actual notice of the contempt hearing and actual notice of the contempt allegations constitutes a due process violation that results in a void contempt order.[4] The trial court erred in failing to grant habeas corpus relief to Gonzalez.

 Gonzales is entitled to relief on an additional basis. It is clear from both the October 20 hearing and the habeas corpus hearing that the trial court held Gonzales in contempt under article 7.18 of the Code of Criminal Procedure. That article provides:

### Art. 7.18. Contempt

Violation of a condition of bond imposed under this chapter is punishable by:

 (1) forfeiture of the bond;

 (2) *imposition of the fine and confinement for contempt under Section 21.002(c), Government Code;* or

 (3) both forfeiture of the bond and imposition of the fine and confinement.

Tex.Code Crim. Proc. Ann. art. 7.18 (Vernon 2005) (emphasis added).

Section 21.002(c) of the Government Code provides:

 (c) The punishment for contempt of a justice court or municipal court is a fine of not more than $100 or *confinement in the county or city jail for not more than three days*, or both such a fine and confinement in jail.

Tex. Gov't Code Ann. § 21.002(c) (Vernon 2004) (emphasis added).

 A trial or appellate court that otherwise has jurisdiction may always notice and correct an illegal sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). The trial court's 180–day sentence greatly exceeds the three-day maximum sentence prescribed by article 7.18, which expressly incorporates subsection

---

3. Furthermore, Gonzales was provided notice of an October 20 hearing on only the State's motion to declare her bond insufficient based on her failed drug tests, and that motion did not request that Gonzales be held in contempt. And even reviewing the record in a light favorable to the contempt order, the trial court's contempt warning to Gonzales at the October 3 status conference provided only a contempt warning to Gonzalez if she failed to provide a urine sample within 45 minutes. It did not warn her that she could be found in contempt at the October 20 hearing for violating the bond condition that she not use drugs.

4. At the habeas corpus hearing, the trial court judge stated that he found Gonzalez in direct contempt for lying to the court. But both the trial court's oral ruling at the October 20 hearing and the trial court's October 20 written order unequivocally state that Gonzales was being held in contempt for violating her bond condition that she not use illegal drugs and she was found to have tested positive. The record does not support a finding of direct contempt.

21.002(c)'s three-day maximum sentence. The 180–day contempt sentence is thus a void illegal sentence. *See id.* at 805 & n. 7 (sentence outside maximum or minimum range of punishment is unauthorized by law, illegal, and void).

### Conclusion

The October 20, 2005 contempt order is void because of lack of notice, and the 180–day sentence is void because it exceeds the statutory maximum. Gonzalez has been incarcerated under the void contempt order and void sentence since October 20—for over three months. We order Gonzalez's *immediate* release from the effects of the void contempt order.