NUMBER 13-05-725-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: ALBERT ACEVEDO, JR. 


On Petition for Writ of Habeas Corpus 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Chief Justice Valdez


 

 Albert Acevedo, Jr. was held in contempt of court for failing to make a court
appearance and has filed a petition for habeas corpus. A prior contempt order stemming
from the same alleged nonappearance was declared void by this Court. (1) Because the
instant contempt proceeding is plagued with a similar personal service issue as Acevedo's
petition for writ of habeas corpus that we previously declared void, we hold that the
contempt order dated November 17, 2005 is void.

I. BACKGROUND

 During the course of representing a client before a county court at law in Victoria,
Texas, Acevedo was held in contempt of court for failing to make a court appearance with
his client. Acevedo is a criminal defense attorney who offices in San Antonio and practices
before state and federal courts in multiple cities. On the morning of February 9, 2005,
Acevedo was scheduled to appear in federal court in San Antonio and in a county court at
law in Victoria. He attended the federal court matter and was en route to Victoria by
approximately 10:00 a.m. That morning, Acevedo's staff faxed a motion for continuance
to the county clerk's office. The county court at law denied the motion for continuance
because faxed filings are not authorized in that court. Because the presiding judge of the
county court at law did not want Acevedo's client to proceed on a criminal matter without
counsel, she reset his client's case for February 23, 2005. Acevedo assumed that since
his client's case was reset, the continuance had been granted and he was excused from
the matter. He did not communicate with the county court at law with respect to his
nonappearance. 

 On February 10, 2005, the county court at law began contempt proceedings against
Acevedo for his failure to appear at the February 9, 2005 hearing. The contempt order that
was produced by those proceedings was declared void for several reasons. See In re:
Albert Acevedo, No. 13-05-335-CR, 2005 Tex. App. LEXIS 5754 (Tex. App.- Corpus
Christi-Edinburg, July 22, 2005, no pet.). (2) 

 On July 27, 2005, a show cause citation was issued to Acevedo, and another
contempt proceeding was instituted against him. The officer's return stated that Alberto
Acevedo, Jr., had been served with the citation on August 1, 2005. A show cause hearing
was held on November 17, 2005. At that hearing, the Bexar County sheriff's deputy who
delivered the citation to Acevedo's office testified that although the officer's return states
that Alberto Acevedo, Jr., was served, one of Acevedo's employees was the one actually
served. The deputy testified that he had a mutual agreement with Acevedo that whenever
Acevedo was not in the office, citations, notices, and subpoenas could be served on
Acevedo's staff. 

 The trial court presiding over the contempt proceeding found that Acevedo (1) had
ample notice of the contempt proceeding, (2) failed to appear in court on February 9, 2005,
and (3) was in contempt of court for his failure to appear in court. 

II. DISCUSSION

A. Standard of Review

 The validity of a contempt judgment can be attacked only by habeas corpus. Collins
v. Kegans, 802 S.W.2d 702, 705 (Tex. Crim. App. 1991). The purpose of a writ of habeas
corpus is not to determine the guilt of the contemnor, but only to determine whether the
contemnor was afforded due process of law or if the order of contempt is void. Ex parte
Gordon, 584 S.W.2d 686, 688 (Tex. 1979). An order is void if it deprives the applicant of
liberty without due process of law. Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996).

B. Applicable Law

 A criminal contempt order is punitive and unconditional in nature and is an exertion
of the court's inherent power to punish the contemnor for a completed act that affronted
the court's dignity and authority. Ex parte Johns, 807 S.W.2d 768, 771 (Tex. App.-Dallas
1991, no pet.) (orig. proceeding). Contempt proceedings are quasi-criminal in nature, and
they should conform as nearly as practicable to those in criminal cases. Ex parte Sanchez,
703 S.W.2d 955, 957 (Tex. 1986). There are two types of criminal contempt, direct and
constructive (or indirect). Direct contempt involves disobedience or disrespect to the
court's authority and is committed in the presence of the court, while constructive contempt
occurs outside of the court's presence. In re Johnson, 996 S.W.2d 430, 433 (Tex. App. 
-Beaumont 1999, no pet.). Constructive contempt refers to acts that require testimony or
the production of evidence to establish their existence. Ex parte Daniels, 722 S.W.2d 707,
709 (Tex. Crim. App. 1987). Constructive contempt is commonly an act that constitutes
a failure to comply with a valid court order. See, e.g., Ex parte Arnold, 503 S.W.2d 529,
533-34 (Tex. Crim. App. 1974); Johnson, 996 S.W.2d at 433.

 Notice in the due process context of criminal contempt proceedings requires timely
notice by personal service of the show cause hearing and full and unambiguous notice of
the contempt accusations. See, e.g., Ex parte Adell, 769 S.W.2d 521, 522 (Tex. 1989);
Ex parte Vetterick, 744 S.W.2d 598, 599 (Tex. 1988); In re Rowe, 113 S.W.3d 749, 752
(Tex. App.-Austin 2003, no pet.). The notice must state when, how, and by what means
the person has been guilty of contempt. Vetterick, 744 S.W.2d at 599. A contempt order
rendered without such adequate notification is void. Adell, 769 S.W.2d at 522.

C. Analysis

 We hold that the most recent contempt order issued against Acevedo is void
because Acevedo was not personally served with the show cause citation and therefore
not afforded adequate due process. The deputy in this case testified that the show cause
notice was served on one of Acevedo's staff members and not personally served on
Acevedo. It is settled that oral notice of a contempt hearing is inadequate. Ex parte
Vetterick, 744 S.W.2d 598, 599 (Tex. 1988). Constructive notice is therefore inadequate
as well. Gonzalez v. State, 187 S.W.3d 166 (Tex. App.-Waco 2006, no pet.) (declining to
adopt a rule that constructive notice of a contempt hearing or of contempt charges can be
appropriate).

 The dissent argues that there is ample evidence in the record to show that Acevedo
had constructive notice of the show cause complaint underlying the contempt proceeding. 
However, the cases cited by the dissent do not support the proposition that constructive
notice provides a criminal contemnor with adequate due process. See Ex parte Herring,
438 S.W.2d 801, 803 (Tex. 1969) (holding that it is a denial of due process to commit a
person to prison for contempt who is not shown to be avoiding deliberately the service of
process, and who has had no personal notice or knowledge of the show cause hearing at
which he was held in contempt.); see also In re: Houston, 92 S.W.3d 870, 877 (Tex. App.
-Houston [14th Dist.] 2002, no pet.) (quoting Ex parte Edgerly, 441 S.W.2d 514, 516 (Tex.
1969)) ("Due process of law demands that before a Court can punish for a contempt not
committed in its presence, the accused must have full and complete notification of the
subject matter, and the show cause order or other means of notification must state when,
how, and by what means the defendant has been guilty of the alleged contempt."). 

III. CONCLUSION

 Accordingly, the petition for writ of habeas corpus is hereby GRANTED. We (1)
declare void the contempt judgment dated November 17, 2005, (2) order Acevedo
discharged, and (3) release him from the bond he executed pursuant to our November 18,


2005 order. See Tex.R.App.P. 52.8(c). 



 _______________________

 ROGELIO VALDEZ

 Chief Justice


Dissenting Memorandum Opinion 

by Justice Errlinda Castillo.


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 9th day of November, 2006.

1. See Acevedo v. State, No. 13-05-222-CR, 2005 Tex. App. LEXIS 3668 (Tex. App.-Corpus Christi
May 12, 2005, no pet.) (memorandum opinion)(per curiam); In re Acevedo, No. 13-05-335-CR, 2005 Tex. App.
LEXIS 5754 (Tex. App.-Corpus Christi July 22, 2005) (original proceeding).
2. The show cause notice sent to Acevedo (1) was sent via certified mail and not personally served on
Acevedo; (2) the officer's return was incomplete; and (3) it did not specify the comtemptuous acts. 
Furthermore, the original contempt order was entered in violation of the statute while the modified version was
entered too late to satisfy Acevedo's due process rights.