# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===========================

## ON MOTION FOR REHEARING

===========================

## NO. 03-06-00745-CV

### In Re Matthew Whitman

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

On November 29, 2006, relator Matthew Whitman filed his *pro se* petition for writ of habeas corpus. We initially denied relief, but on review of relator's motion for rehearing, we will grant relator's request for extraordinary relief. *See* Tex. R. App. P. 52.8, 52.9. We grant relator's motion for rehearing, withdraw our opinion issued December 1, 2006, and substitute the following in its place.

This original proceeding has a confusing procedural background. However, the issue before us in this original proceeding is quite simple. In December 2005, real party in interest Jennifer Whitman sought the enforcement of a 2004 divorce decree, alleging that relator had not paid court-ordered child support since June 2005. The parties negotiated an agreement and announced their agreement at a hearing on January 30, 2006; at that hearing, relator stated that he understood the terms of the agreement. On February 13, the trial court signed an agreed order, signed by counsel

for both parties, finding that relator had failed to pay child support since June 2005 and was $4,843 in arrears and that each monthly failure to pay was a separate act of contempt.[1]  The trial court ordered relator to serve concurrent six-month county jail terms for each failure to pay and ordered him confined until he both paid the full amount owed and began to make the court-ordered monthly payments.  The order suspended the commitment on the condition that relator paid the arrearage and continued making monthly payments.  Finally, the agreed order set a hearing on June 15, 2006, to determine whether relator had complied with the terms of his "community supervision and for suspension of commitment under this order and, if not, for commitment."

Relator failed to appear at the June 15 hearing, and the trial court signed an "order for capias" ordering his arrest, allowing his release on posting of a $1,000 cash bond.  Relator was arrested and on July 11, he posted the required bond, which recited that he swore to appear at "Date & Time Notified," rather than providing a certain appearance date.  Several months later, a hearing was set for 9:00 a.m. on October 4, 2006, and on September 27, Jennifer Whitman faxed notice of the hearing to Steven Copenhaver, an attorney who had represented relator in the January 30 hearing.[2]  On September 29, she mailed relator personal notice via certified mail, return receipt

---

[1] The original February 13 order erroneously recited that relator owed $9,755.29 for unpaid child support and interest.  On June 16, the trial court signed a *nunc pro tunc* order reciting that relator instead owed Jennifer Whitman $4,912.34 in child support and interest.

[2] The record is confusing as to when relator has been represented by counsel.  At a hearing held on January 9, 2006, relator testified that his former attorney, Kandy Kelly, was not representing him in this enforcement proceeding and that he had been turned down by several other attorneys he had asked to represent him.  At the January 30 hearing, relator was represented by appointed counsel Steven Copenhaver; the record is unclear as to when Copenhaver was appointed and the proceedings in which he was supposed to represent relator.  At a hearing held February 23, relator appeared pro se.  Kelly attended the hearing but sat in the audience, and when asked whether she was representing

2

requested, but on October 2, that letter was returned as undeliverable. At 5:28 p.m. on October 3, 2006, Jennifer Whitman faxed notice of the 9:00 a.m. hearing to relator. Relator did not appear at the hearing, and the trial court signed another order for capias, finding that relator had been served through his attorney but had not appeared. The court found that relator owed more than $4,000 in child support, ordered his arrest, and conditioned his release on payment of a $100,000 cash bond.

Relator was arrested on November 16, 2006, and on November 29, he filed his petition for writ of habeas corpus. We denied his petition on December 1, and on December 11, he filed a motion for rehearing. On December 19, the trial court held another hearing, during which the court reduced the bond amount to a $10,000 cash bond or $25,000 surety bond. On December 20, this Court issued a temporary order allowing relator's release on a $5,000 bond.

---

relator, she said she was "assisting [relator] in a related matter to this proceeding but not for the trial . . . itself," explaining that she had withdrawn earlier and was representing him "only on appellate matters." She said, "I am his attorney, Your Honor. I am just not his attorney in this trial proceeding." The trial court said, "Well, it presents a very confusing picture to the Court for you to appear here and to assist him and to protest that you're not his lawyer." Copenhaver appeared on relator's behalf again at the hearing held on October 4, 2006, in which he, the trial court, and Jennifer Whitman asked her attorney proceeded as if he were still appointed. Toward the end of the hearing, when the attorneys were discussing whether relator could pay the arrearage, the court said it was bothered by the fact that relator had appointed counsel while a "retained appellate lawyer" sat in the audience. Copenhaver responded that he did not know anything about relator's agreement with the appellate lawyer, presumably Kelly. At the conclusion of the October 4 hearing, Copenhaver asked to be allowed to withdraw, and the trial court granted the motion. At another hearing held on December 19, 2006, Copenhaver again appeared and said, "It appears I'm being reappointed." The trial court agreed, saying Copenhaver was reappointed that morning, limited to enforcement matters.

In his pro se petition for writ of habeas corpus and motion for rehearing, relator states that Copenhaver had been discharged from his representation "several months earlier," but reappointed to represent relator on "enforcement matters." Relator waives any right to appointed counsel in this proceeding wishes to proceed pro se, and states that Copenhaver believes that the scope of his involvement is limited to "enforcement matters" and does not extend into this original proceeding.

3

Relator argues that the October 4 order revoking the suspended sentence violated his due process rights because he did not receive notice of the hearing. We agree.

Relator had notice of the June 15 hearing, set out in the agreed order signed in February, but at the time he was arrested and posted bond for his failure to appear, the new hearing had not yet been set. Once the October hearing was set, he was not given proper notice. Jennifer Whitman knew relator had a history of refusing to accept certified letters and asserting that various fax numbers used by him in the past no longer reached him. In a hearing in February 2006, the trial court went so far as to ask her, "Are you still naive enough to think that Mr. Whitman is going to cooperate with you and going to be a compatible kind of an adversary?" The court said, "You better assume that you've got to dot all your Is and cross all of your Ts and probably do personal service on him." Despite knowing the difficulties posed by attempting to serve relator by mail or fax, Jennifer chose to rely on certified mail and, when that was not delivered, faxed relator notice fewer than sixteen hours before the hearing.

Relator did not receive proper *personal* notice of the October 4 hearing on Jennifer's motion to enforce. *See* Tex. Fam. Code Ann. § 157.066 (West 2002) (person "who has been personally served with notice to appear" but fails to appear for hearing on motion for enforcement may not be held in contempt, but capias may be issued for his arrest). Further, an alleged contemnor must be given personal notice of a show cause hearing, setting out the alleged instances of contempt. *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (notice of contempt allegations "should be by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt"); *Ex parte*

4

*Herring*, 438 S.W.2d 801, 803 (Tex. 1969) ("it is a denial of due process to commit a person to prison for contempt who is not shown to be avoiding deliberately the service of process, and who has had *no* personal notice or knowledge of the show-cause hearing at which he was held in contempt"); *Gonzalez v. State*, 187 S.W.3d 166, 170 (Tex. App.—Waco 2006, no pet.) ("Notice in the due process context of criminal contempt proceedings requires timely notice by personal service of the show cause hearing and full and unambiguous notice of the contempt accusations."). Although relator agreed in the February 2006 order that he was in contempt for failure to pay child support, the sentence of confinement was suspended by the trial court. Thus, relator was entitled to timely notice of the compliance hearing, the result of which might be and, indeed, was, his confinement.

The October 4 order does not explain the grounds for relator's confinement—whether it was due to a failure to comply with the agreed order signed in February and corrected in June or whether it was due to his failure to appear at the October 4 compliance hearing. It says only that relator failed to appear and had accrued more than $4,000 in unpaid child-support. Before the court could revoke the suspension of his contempt sentence, relator was entitled to timely personal notice of the hearing on the alleged violations of the agreed order. If, on the other hand, the trial court ordered relator confined on October 4 order due to relator's failure to appear at the hearing, that is a new allegation of constructive contempt, for which relator was entitled to proper personal notice and a hearing. *See Ex parte Hardin*, 344 S.W.2d 152, 153 (Tex. 1961).

Relator did not receive timely personal notice of the October 4 hearing, which resulted in the trial court's order of confinement, and thus his due process rights were violated. We

5

grant relator's motion for rehearing and conditionally grant his petition for writ of habeas corpus. The trial court is instructed to set aside its October 4 order and any other orders arising out of that confinement.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed:   February 16, 2007