**In re Ann Elizabeth WIXOM, Relator.**

**No. 05–10–00806–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 19, 2010.

Russell W. King, The King Law Office, for Relator.

Howard Shapiro, The Shapiro Law Firm, Plano, for Real Party in Interest.

Before Justices MOSELEY, FRANCIS, and FILLMORE.

## OPINION

Opinion by Justice FRANCIS.

Before the Court is relator's petition for writ of habeas corpus based on the trial court's order of commitment dated February 6, 2009. Among other issues, relator complains that she was not provided with notice of the hearing at which she was adjudged to be in contempt and ordered committed to county jail. Real party in interest was afforded an opportunity to respond and did not respond. We agree with relator. Accordingly, we grant the writ of habeas corpus, set aside the order of commitment, and order relator discharged.

The underlying lawsuit was a divorce proceeding between relator and real party in interest. After the trial court signed the final decree of divorce, real party in interest filed a petition for enforcement of property division by contempt alleging four violations of the final decree dealing with the delivery of items of personal property by relator to real party in inter-

est. On January 8, 2009, the court conducted a hearing and found relator in contempt for each violation alleged in the petition. The trial court sentenced relator to 180 days in jail but suspended the imposition of sentence conditioned on relator's compliance with certain conditions dealing with the delivery of the items of personal property. As ordered by the court, relator returned to court January 22 for a progress report but was told by court personnel that the matter would be rescheduled. On February 5, 2009, the court held another hearing, found relator in contempt and sentenced her to 180 days in jail. On February 5, the court signed an order of enforcement by contempt of property division and suspension of commitment reflecting its January 8 ruling and, on the following day, February 6, signed an order revoking suspension and for commitment to the county jail.

Relator complains that she never received notice of the February 5, 2009, hearing, and the record does not reflect that any notice was given. As an alleged contemnor, relator was entitled to adequate notice before being adjudged guilty of contempt. *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex.1988) (orig. proceeding). Because relator did not receive such notice, we **GRANT** habeas corpus relief and **VACATE** the February 6, 2009 commitment order in cause number 366–53527–06, styled *In the Matter of the Marriage of Ann Elizabeth Woolman and Charles Edward Woolman.* We **ORDER** that relator Ann Elizabeth Wixom be unconditionally released and discharged from the custody of the Sheriff of Collin County pursuant to that same order of commitment.