**GRANT and Opinion Filed September 23, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01023-CV

## IN RE CHARLES A. MILLER, Relator

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-02441-2014**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

In this original habeas corpus proceeding relator Charles Miller argues that he was denied due process of law because he was not afforded proper notice of the contempt charge that led to his incarceration. Because we agree, we grant the writ of habeas corpus, vacate the trial court's order and order relator discharged.

### I. FACTUAL AND PROCEDURAL CONTEXT

Relator's incarceration results from the attempts of real parties in interest to compel compliance with an order of the trial court ordering the delivery of certain documents and information to the real parties in interest. The record established the following facts with regard to the proceedings that led to relator's imprisonment for contempt of court.[1] The real parties in

---

[1] By order dated August 8, 2014 the Court requested that the real parties in interest and the respondent judge file any responses by August 25, 2014. By order dated August 15, 2014 the Court extended the response deadline until

interest filed their original petition and application for temporary restraining order on July 1, 2014.  Either that day or the following day,[2] the trial court considered the application for temporary restraining order and made a docket entry that reflected that the temporary restraining order was granted.  The real parties in interest were represented at the hearing, but the relator was not represented and did not appear personally.  The trial court did not sign a temporary restraining order in the case until July 14, 2014.  The July 14, 2014 temporary restraining order required the relator to produce certain documents, information, financial records, and electronic data to real parties in interest no later than July 8, 2014.  The trial court's temporary restraining order also set a temporary injunction hearing for August 6, 2014.  On July 15, 2014, the trial court signed an Agreed Order Extending the July 2, 2014 Temporary Restraining Order that also required production no later than July 8, 2014 and maintained the August 6, 2014 hearing date for the temporary injunction.

On July 24, 2014, after relator had failed to comply with these orders, the real parties in interest filed a motion for an order to show cause.  The motion for order to show cause requested that the relator be ordered to show cause why he should not be sanctioned for violating the trial court's order and further requested that the trial court order "any other relief that the Court has the power to grant to enforce its order."  While the motion for order to show cause stated, "The Court may also punish for contempt under section 21.002 of the Government Code," the only relief requested in the motion for order to show cause was that the trial court order "Miller and

September 2, 2014.  To date we have received no response from the real parties in interest or the trial court. Accordingly, we rely only on the documents included in the appendix to the petition for writ of habeas corpus and on the documents included in the reporter's record  for our factual discussion.

[2] The temporary restraining order recites that the trial court conducted the hearing on the temporary restraining order on July 1, 2014.  The trial court's docket sheet reflects that the hearing was conducted on July 2, 2014.

his affiliates to appear before the Court at a set time and date and show cause why they should not be sanctioned" and that the trial court issue "whatever other orders are necessary to enforce the TRO and the Agreed Order Extending the TRO." The trial court's docket sheet does not reflect that the trial court ever signed an order to show cause.

The parties appeared before the trial court as scheduled on August 6, 2014 for the previously scheduled temporary injunction hearing. At the hearing, although the real parties in interest at least once urged the trial court to find the relator in direct contempt, the trial court found the relator in constructive contempt for failing to comply with the trial court's temporary restraining order and the order extending the temporary restraining order, which it found were clear and unambiguous and that relator had the ability to obey. The trial court ordered relator committed to the Collin County jail until he purged himself of contempt by "producing the electronically maintained information in its electronic form, the names and contact information of the investors, and the information regarding the plan to transactions."

## II. STANDARD OF REVIEW FOR HABEAS CORPUS RELIEF

A habeas corpus proceeding is a collateral attack on a judgment of contempt. *In re Johnson,* 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). A petition for writ of habeas corpus does not inquire into the guilt or innocence of the relator, but only determines if the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Ex parte Casey*, 944 S.W.2d 18, 19 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). A contempt order is void if it is beyond the power of the court to render it or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

### III. IMPROPRIETY OF IMPRISONMENT WITHOUT PROPER NOTICE

The trial court found relator guilty of constructive contempt. Constructive contempt "is contemptuous conduct outside the presence of the court, such as the failure or refusal to comply with a valid court order." *Ex parte Gordon,* 584 S.W.2d at 688.[3] In a case involving conduct outside the presence of the court, due process requires that the alleged contemnor receive full and unambiguous notification of the accusation of any contempt and a reasonable opportunity to defend the charges or explain the conduct. *Ex parte Vetterick,* 744 S.W.2d 598, 599 (Tex. 1988) (orig. proceeding); *Ex parte Godon,* 584 S.W.2d at 688. A judgment of constructive contempt must be preceded by personal service on the alleged contemnor of an appropriate show cause order or legally equivalent method of notice. *Ex parte Blanchard,* 736 S.W.2d 642, 643 (Tex. 1987). The required notice should be "by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt." *Ex parte Vetterick,* 744 S.W.2d at 599 (citing *Ex parte Gordon,* 584 S.W.2d at 686). A judgment of constructive contempt rendered without proper notification is void. *Ex parte Vetterick,* 744 S.W.2d at 599; *Ex parte Ratliff,* 3 S.W.2d at 408. The record in this original proceeding demonstrates that the trial court did not order the relator to show cause why he should not be held in contempt. Relator was not accorded due process in this regard. Accordingly, the judgment of contempt is void.

---

[3] In contrast, "[d]irect contempt occurs within the presence of the court; for example, an affront to the dignity of the court or disruptive conduct in the courtroom." *Ex parte Gordon,* 584 S.W.2d at 688. As the supreme court has explained, "Direct contemnors are not entitled to notice of the contempt charge or a hearing because there is no factual dispute arising from contemptuous behavior that occurs in the court's presence." *Id.* (citing *Ex parte Ratliff,* 3 S.W.2d 406, 406 (Tex. 1928) (orig. proceeding). Although real parties in interest urged the trial court to find relator guilty of direct contempt, the trial court premised its ruling on the failure of the relator to comply with its temporary restraining order and the order extending the temporary restraining order.

## IV. CONCLUSION

Because the trial court's order imprisoned relator in violation of his due process rights, we grant habeas corpus relief and vacate the order entitled "Judgment of Civil Contempt and Order of Commitment," which was signed August 7, 2014, by the 380th Judicial District Court of Collin County, Texas, in the case styled *Bradley Dean, Dean Family Partnership, LLC, and David Bradley Dean GSTT v. Charles A. Miller, Eastern Shelf Land Co., LLC, Strata Resources, Inc., and Windmill Exploration and Production, LLC.*, cause number 380-02441-2014. We order that relator Charles A. Miller be unconditionally released and discharged from the custody of the Sheriff of Collin County under the Judgment of Civil Contempt and Order of Commitment dated August 7, 2014 issued by the 380th Judicial District Court of Collin County, Texas, styled *Bradley Dean, Dean Family Partnership, LLC, and David Bradley Dean GSTT v. Charles A. Miller, Eastern Shelf Land Co., LLC, Strata Resources, Inc., and Windmill Exploration and Production, LLC*. We further discharge the bond paid by relator in accordance with this Court's order of August 8, 2014.

/David Evans/

DAVID EVANS

141023F.P05

JUSTICE

–5–