

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00409-CV

_____

In re K.D., Relator

---

Original Proceeding
Trial Court No. 18-8906-431

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

Relator, K.D., filed this original proceeding seeking release from confinement after the trial court found him to be in contempt and ordered him incarcerated for failing to timely respond to discovery and for failing to pay attorney's fees the trial court had imposed as discovery sanctions. After reviewing relator's petition for writ of habeas corpus, we ordered him released on his own recognizance and requested a response from the real party in interest. *See* Tex. R. App. P. 52.8(b)(3), 52.10(b). We did not receive one. We grant relief.

## Background

The underlying suit is for a divorce. In August 2019, real party in interest filed a motion to compel discovery, alleging that relator had failed to respond to a request for disclosure, interrogatories, and a request for production of documents that real party in interest had served on March 29, 2019.

The trial judge sent the parties a letter in which he stated that the motion would be submitted "at the Court's earliest convenience following the submission date referenced above," which was September 13, 2019. The trial court also ordered that a written response to the motion should be "filed and served on the Movant no later than seven (7) days prior to the submission date referenced above." The letter warned the parties that if the trial court granted the motion it was required to award reasonable expenses and attorney's fees under Texas Rule of Civil Procedure 215.1(d) and that the trial judge could impose additional sanctions "against a party found to be

2

abusing the discovery process." Tex. R. Civ. P. 215.1(d). The letter further gave "notice of the Court's intent to award expenses and to impose sanctions for abuse of the discovery process" and concluded,

> In the event that either party wishes to proceed in that manner following receipt of the Court's ruling, the Court will set a hearing for the purpose of receiving evidence and argument regarding the amount of expenses and attorney fees, the nature of other sanctions requested, and whether such expenses or sanctions should be imposed against the party, the attorney, or both of them.

Relator filed a response on September 13, 2019, which acknowledges that final trial was scheduled for October 15, 2019. In the response, relator's counsel stated that relator had served responses to the requests for production and disclosure[1] after the motion to compel had been filed. After a hearing on September 23, 2019, the trial court granted the motion to compel and signed an order requiring relator to "completely and fully respond" to the request for disclosure, interrogatories, and request for production, on or before September 30, 2019. The trial court ordered relator to pay real party in interest's attorney's fees and expenses "in an amount to be determined." The trial court noted in the order that relator's *counsel* had failed to timely respond to the motion to compel.

On October 15, 2019, the trial court signed an Order of Dismissal and Order to Appear and Show Cause for Contempt, which references its September 23, 2019 order on the motion to compel. The order notes that relator failed to appear for final

---

[1]Both documents show a service date of September 13, 2018, but that is clearly an error.

3

trial without good cause. In the order, the trial court dismissed relator's claims for affirmative relief. The trial judge also found that real party in interest "was not ready or able to proceed to trial" because relator had not properly responded to discovery and that relator had "failed and refused to comply with the court's lawful order."

The trial judge thus ordered relator to

1. **Serve** Respondent's [real party in interest's] counsel with Petitioner's [relator's] answers to Respondent's interrogatories—without objection—by 5:00 p.m. on October 29, 2019;

2. **Serve** Respondent's counsel with Petitioner's response to Respondent's request for production of documents—without objection—by 5:00 p.m. on October 29, 2019;

3. **Serve** Respondent's counsel with Petitioner's response to disclosures—without objection—by 5:00 p.m. on October 29, 2019;

4. **Pay** Respondent's counsel . . . $3,500 by cash or cashier's check by 5:00 p.m. on October 29, 2019; and

5. **Appear before the Court on November 1, 2019, at 3:00 PM to offer evidence and argument and show cause why he should not be held in criminal contempt for failing and refusing to comply with the court's lawful order set forth above.**

The trial court also ordered the clerk to issue process for personal service of the order on relator. The trial court's order further contained a "NOTICE TO ALLEGED CONTEMNOR" warning that contempt is punishable by a fine up to $500, confinement in the county jail for not more than six months, or both a fine and confinement. Finally, the notice warned that a failure to appear would result in the issuance of a capias for relator's arrest.

4

The online docket attached as an appendix to relator's petition indicates that the clerk mailed the trial court's show cause order to the Collin County Constable for Precinct Four, but a note next to the entry states, "Unserved."

Relator supplemented his response to the request for production on October 31, 2019. He also responded to the interrogatories on that day.

Relator appeared with his counsel on November 1, 2019. The trial court found that relator had violated its October 15, 2019 order by failing to timely respond to the specified discovery and by failing to pay real party in interest's counsel his attorney's fees. The trial court found relator to be in criminal contempt and ordered him to be confined in the Denton County jail for ninety days. The Denton County Sheriff's Office took relator into custody that same day.

**Contempt for Failure to Pay Attorney's Fees Void**

In his first issue, relator claims that confining him for contempt for failing to pay the attorney's fees sanction is improper. He is correct.

A contempt judgment ordering imprisonment for disobeying a sanctions order to pay attorney's fees or costs is void as an unconstitutional imprisonment for a debt. *See In re McLaurin*, 467 S.W.3d 561, 564–66 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (citing cases and distinguishing such awards in child support enforcement cases, which do not constitute a debt); *see also* Tex. Const. art. I, § 18. Accordingly, we sustain relator's first issue.

5

## Contempt Order Void for Lack of Service

Relator argues in his second issue that the contempt order for the failure to timely respond to discovery is void for lack of service. Again, we agree.

Before a trial court may impose criminal contempt for conduct occurring outside the judge's presence, "due process requires that the alleged contemnor receive full and unambiguous notification of the accusation." *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (orig. proceeding); *see In re Wal–Mart Stores, Inc.*, 545 S.W.3d 626, 632 & n.3 (Tex. App.—El Paso 2016, orig. proceeding) (citing numerous El Paso and other intermediate appellate court opinions citing *Vetterick*). "This notice should be by show cause order or equivalent legal process *personally served on the alleged contemnor*, and it should state when, how and by what means the defendant has been guilty of contempt." *Vetterick*, 744 S.W.2d at 599 (emphasis added). Verbal notice will not suffice. *Id.*

The motion to compel here did not ask the trial court to hold relator in contempt. The docket entry indicating that the clerk mailed the order to the constable also noted, "Unserved." And the trial court's contempt order does not recite that relator was properly served with the order. Thus, nothing shows that relator was served with notice of contempt in a manner that satisfies due process. *See id.* We therefore sustain relator's second issue.

## Conclusion

Having determined that the trial court's November 1, 2019 contempt order is void and sustained both of relator's issues—and having already released relator on his own recognizance—we grant relator's petition, vacate the trial court's November 1, 2019 order, and order relator discharged from any further confinement under that order.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: January 9, 2020